UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN, MILWAUKEE DIVISION

ROBERT LEE STINSON,
    Plaintiff,

v.                                                       Case No.: 09 CV 01033

THE CITY OF MILWAUKEE,
THOMAS JACKELEN,
JAMES GAUGER,
other AS-OF-YET UNKNOWN EMPLOYEES
  OF THE CITY OF MILWAUKEE, and
DR. LOWELL T. JOHNSON,
    Defendants.

## ANSWER TO AMENDED COMPLAINT OF DEFENDANT DR. LOWELL T. JOHNSON

The Defendant, Dr. Lowell T. Johnson, by his attorneys, Otjen, Van Ert & Weir, S.C. as and for an answer to the Plaintiff's Amended Complaint, state as follows:

1. In answer to paragraph 1 of the Amended Complaint, deny the allegations contained therein.

2. In answer to paragraph 2 of the Amended Complaint, deny.

3. In answer to paragraph 3 of the Amended Complaint, deny the allegations contained therein, except admit upon information and belief only that the changes against Mr. Stinson have been dismissed.

4. In answer to paragraph 4 of the Amended Complaint, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny and put the Plaintiff to his strict proof thereon.

5. In response to paragraph 5 of the Amended Complaint, the allegations contained therein are legal conclusions which do not necessitate an answer. To the extent that an answer is

required, this answering Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny and put the Plaintiff to his strict proof thereon.

6. In response to paragraph 6 of the Amended Complaint, the allegations contained therein are legal conclusions which do not necessitate an answer. To the extent that an answer is required, this answering Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny and put the Plaintiff to his strict proof thereon.

7. In answer to paragraph 7 of the Amended Complaint, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny and put the Plaintiff to his strict proof thereon.

8. In answer to paragraph 8 of the Amended Complaint, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny and put the Plaintiff to his strict proof thereon.

9. In answer to paragraph 9 of the Amended Complaint, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny and put the Plaintiff to his strict proof thereon.

10. In answer to paragraph 10 of the Amended Complaint, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny and put the Plaintiff to his strict proof thereon, except admit that The City of Milwaukee is a municipal entity.

11. In answer to the first sentence of paragraph 11 of the Amended Complaint, admit that Dr. Lowell T. Johnson is a dentist in Milwaukee, Wisconsin. As to all further allegations contained in paragraph 11, deny.

12. In answer to paragraph 12 of the Amended Complaint, admit upon information and belief.

13. In answer to paragraph 13 of the Amended Complaint, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny and put the Plaintiff to his strict proof thereon.

14. In answer to paragraph 14 of the Amended Complaint, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny and put the Plaintiff to his strict proof thereon.

15. In answer to paragraph 15 of the Amended Complaint, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny and put the Plaintiff to his strict proof thereon.

16. In answer to paragraph 16 of the Amended Complaint, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny and put the Plaintiff to his strict proof thereon.

17. In answer to paragraph 17 of the Amended Complaint, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny and put the Plaintiff to his strict proof thereon.

18. In answer to paragraph 18 of the Amended Complaint, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny and put the Plaintiff to his strict proof thereon.

19. In answer to the first sentence of paragraph 19 of the Amended Complaint, deny. As to all further allegations contained in paragraph 19, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny and put the Plaintiff to his strict proof thereon.

20. In answer to paragraph 20 of the Amended Complaint, deny.

21. In answer to paragraph 21 of the Amended Complaint, deny.

22. In answer to paragraph 22 of the Amended Complaint, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny and put the Plaintiff to his strict proof thereon.

23. In answer to paragraph 23 of the Amended Complaint, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny and put the Plaintiff to his strict proof thereon.

24. In answer to paragraph 24 of the Amended Complaint, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny and put the Plaintiff to his strict proof thereon.

25. In answer to paragraph 25 of the Amended Complaint, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny and put the Plaintiff to his strict proof thereon.

26. In answer to paragraph 26 of the Amended Complaint, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny and put the Plaintiff to his strict proof thereon.

27. In answer to paragraph 27 of the Amended Complaint, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny and put the Plaintiff to his strict proof thereon.

28. In answer to paragraph 28 of the Amended Complaint, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny and put the Plaintiff to his strict proof thereon.

29. In answer to paragraph 29 of the Amended Complaint, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny and put the Plaintiff to his strict proof thereon.

30. In answer to paragraph 30 of the Amended Complaint, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny and put the Plaintiff to his strict proof thereon.

31. In answer to paragraph 31 of the Amended Complaint, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny and put the Plaintiff to his strict proof thereon.

32. In answer to paragraph 32 of the Amended Complaint, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny and put the Plaintiff to his strict proof thereon.

33. In answer to paragraph 33 of the Amended Complaint, reallege and incorporate herein by reference as if set forth fully herein this Defendant's answers to each of the paragraphs of the Amended Complaint.

34. In answer to paragraph 34 of the Amended Complaint, deny.

35. In answer to paragraph 35 of the Amended Complaint, deny.

36. In answer to paragraph 36 of the Amended Complaint, deny.

37. In answer to paragraph 37 of the Amended Complaint, deny.

38. In answer to paragraph 38 of the Amended Complaint, deny.

39. In answer to paragraph 39 of the Amended Complaint, deny.

40. In answer to paragraph 40 of the Amended Complaint, deny.

41. In answer to paragraph 41 of the Amended Complaint, deny.

42. In answer to paragraph 42 of the Amended Complaint, deny.

43. In answer to paragraph 43 of the Amended Complaint, reallege and incorporate herein by reference as if set forth fully herein this Defendant's answers to each of the paragraphs of the Amended Complaint.

44. In answer to paragraph 44 of the Amended Complaint, deny.

45. In answer to paragraph 45 of the Amended Complaint, deny.

46. In answer to paragraph 46 of the Amended Complaint, deny.

47. In answer to paragraph 47 of the Amended Complaint, deny.

48. In answer to paragraph 48 of the Amended Complaint, deny.

49. In answer to paragraph 49 of the Amended Complaint, deny.

50. In answer to paragraph 50 of the Amended Complaint, reallege and incorporate herein by reference as if set forth fully herein this Defendant's answers to each of the paragraphs of the Amended Complaint.

51. In answer to paragraph 51 of the Amended Complaint, deny.

52. In answer to paragraph 52 of the Amended Complaint, deny.

53. In answer to paragraph 53 of the Amended Complaint, deny.

54. In answer to paragraph 54 of the Amended Complaint, deny.

55. In answer to paragraph 55 of the Amended Complaint, deny.

56. In answer to paragraph 56 of the Amended Complaint, deny.

57. In answer to paragraph 57 of the Amended Complaint, deny.

58. In answer to paragraph 58 of the Amended Complaint, deny.

59. In answer to paragraph 59 of the Amended Complaint, deny.

60. In answer to paragraph 60 of the Amended Complaint, reallege and incorporate herein by reference as if set forth fully herein this Defendant's answers to each of the paragraphs of the Amended Complaint.

61. In answer to paragraph 61 of the Amended Complaint, deny.

62. In answer to paragraph 62 of the Amended Complaint, deny.

63. In answer to paragraph 63 of the Amended Complaint, deny.

64. In answer to paragraph 64 of the Amended Complaint, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny and put the Plaintiff to his strict proof thereon.

65. In answer to paragraph 65 of the Amended Complaint, reallege and incorporate herein by reference as if set forth fully herein this Defendant's answers to each of the paragraphs of the Amended Complaint.

66. In answer to paragraph 66 of the Amended Complaint, deny.

67. In answer to paragraph 67 of the Amended Complaint, deny.

68. In answer to paragraph 68 of the Amended Complaint, deny.

69. In answer to paragraph 69 of the Amended Complaint, deny.

70. In answer to paragraph 70 of the Amended Complaint, deny.

71. In answer to paragraph 71 of the Amended Complaint, reallege and incorporate herein by reference as if set forth fully herein this Defendant's answers to each of the paragraphs of the Amended Complaint.

72. In answer to paragraph 72 of the Amended Complaint, deny.

73. In answer to paragraph 73 of the Amended Complaint, deny.

74. In answer to paragraph 74 of the Amended Complaint, deny.

75. In answer to paragraph 75 of the Amended Complaint, reallege and incorporate herein by reference as if set forth fully herein this Defendant's answers to each of the paragraphs of the Amended Complaint.

76. In answer to paragraph 76 of the Amended Complaint, deny.

77. In answer to paragraph 77 of the Amended Complaint, deny.

78. In answer to paragraph 78 of the Amended Complaint, deny.

79. In answer to paragraph 79 of the Amended Complaint, reallege and incorporate herein by reference as if set forth fully herein this Defendant's answers to each of the paragraphs of the Amended Complaint.

80. In answer to paragraph 80 of the Amended Complaint, deny.

81. In answer to paragraph 81 of the Amended Complaint, deny.

82. In answer to paragraph 82 of the Amended Complaint, deny.

83. In answer to paragraph 83 of the Amended Complaint, deny.

84. In answer to paragraph 84 of the Amended Complaint, reallege and incorporate herein by reference as if set forth fully herein this Defendant's answers to each of the paragraphs of the Amended Complaint.

85. In answer to paragraph 85 of the Amended Complaint, deny.

86. In answer to paragraph 86 of the Amended Complaint, deny.

87. In answer to paragraph 87 of the Amended Complaint, deny.

88. In answer to paragraph 88 of the Amended Complaint, deny.

89. In answer to paragraph 89 of the Amended Complaint, deny.

90. In answer to paragraph 90 of the Amended Complaint, reallege and incorporate herein by reference as if set forth fully herein this Defendant's answers to each of the paragraphs of the Amended Complaint.

91. In answer to paragraph 91 of the Amended Complaint, the allegations therein constitute legal conclusions, which do not necessitate an answer. To the extent that an answer is required, lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny and put the Plaintiff to his strict proof thereon.

92. In answer to paragraph 92 of the Amended Complaint, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny and put the Plaintiff to his strict proof thereon.

93. In answer to paragraph 93 of the Amended Complaint, deny.

## AFFIRMATIVE DEFENSES

AS AND FOR affirmative defenses, the Defendant, Dr. Lowell T. Johnson, alleges as follows:

1. Plaintiff has failed to mitigate his damages, and to the extent that he has failed to mitigate his damages, a part or all of his claims are barred by such failure.

2. The injuries or damages sustained by the Plaintiff, if any, were caused in whole or in part by the acts or omissions by persons or entities other than Dr. Johnson or by persons or entities for which Dr. Johnson has no authority or control.

3. Plaintiff's injuries or damages, if any, were not caused by any governmental policy or practice of Dr. Johnson.

4. Dr. Johnson is protected from suit by all immunities available, including judicial, quasi-judicial, legislative and quasi-legislative immunity.

5. Dr. Johnson's acts associated with the Plaintiff were exercised in good-faith such that he is entitled to absolute and/or qualified immunity.

6. Plaintiff's Amended Complaint contained claims which fail to state a claim upon which relief may be granted against Dr. Johnson.

7. The Amended Complaint of the Plaintiff fails to state a claim of denial of civil rights as to this answering Defendant.

8. The statute of limitations may have expired in relation to any and all claims against this answering Defendant.

9. The Plaintiff may have failed to join all parties necessary to complete adjudication of this matter.

10. To the extent that Dr. Johnson is subject to civil rights' claims, he is immune from suit for § 1983 claims.

11. To the extent that the Plaintiff claims that Dr. Johnson is a governmental entity, or agent or employee thereof, Plaintiff has failed to comply with the notice provisions contained within Wis. Stat. § 893.80.

12. As an officer, official, agent or employee of a municipal entity, Dr. Johnson would be entitled to municipal immunity as provided under § 893.80 Wis. Stats.

13. As an officer, official, agent or employee of a municipal entity, Dr. Johnson would be entitled to all caps on liability and/or damages as set forth in § 893.80 Wis. Stats.

14. At no time pertinent to the allegations contained in the Amended Complaint was Dr. Johnson operating under color of State or Federal law.

15. Counts 5, 6, 7 & 9 fail to state a claim upon which relief can be granted.

16. Any claim for punitive and/or exemplary damages is barred as it represents an unconstitutional violation of defendant's rights, privileges and protections securing due process of laws and prohibiting double jeopardy and cruel and unusual punishment as provided by the Fifth, Eighth and Fourteenth Amendments of the United States Constitution and Article 1, Section 6, 8 and 9 of the Wisconsin Constitution.

17. Dr. Johnson reserves the right to amend his affirmative defenses as discovery continues.

18. This Defendant adopts and incorporates by reference any and all affirmative defenses asserted by any other Defendants in this lawsuit to the extent that such affirmative defenses are not raised herein and are not inconsistent with the defenses raised by this Defendant, and reserves the right to assert any additional affirmative defenses which may become available during the pendency of this action.

WHEREFORE, this answering defendant demands judgment dismissing all claims against him, together with costs and attorney fees.

**DEMAND IS HEREBY MADE FOR A TRIAL BY JURY OF TWELVE.**

Dated this 21st day of January, 2010.

                    OTJEN, VAN ERT & WEIR, S.C.
                    Attorneys for Defendant Dr. Lowell T. Johnson

                    s/ Jason J. Franckowiak_____
                    Lori Gendelman, State Bar No. 1005633
                    Jason J. Franckowiak, State Bar No. 1030873
                    Email: lgendelman@otjen.com
                                  jfranckowiak@otjen.com

**P.O. ADDRESS:**
700 North Water Street, Suite 800
Milwaukee, WI 53202
(414) 271-7271

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that the foregoing was filed electronically with the Clerk of Court and served by operation of the Court's filing system to all attorneys of record on January 21, 2010.


By: s/ Jason J. Franckowiak