UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

ROBERT LEE STINSON,

    Plaintiff,

v.                                                        Case No. 09-C-1033

CITY OF MILWAUKEE, THOMAS JACKELEN
JAMES GAUGER, other As-Of-Yet
Unknown Employees of the City of Milwaukee,
and DR. LOWELL T. JOHNSON.

    Defendants.

DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO SUBSTITUTE A PARTY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 25(A)(1) (DOC. # 20), DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT (DOC. # 20), AND GRANTING PLAINTIFF'S MOTION TO UNSTAY DISCOVERY (DOC. # 28)

Twenty years after Thomas Jackelen died, Robert Lee Stinson named him as a defendant in this pending action. Stinson now seeks leave to substitute Lisa J. Guido, formerly known as Lisa Jackelen, as a proper party under Rule 25(a)(1) because she was named the personal representative in Thomas Jackelen's Last Will and Testament.[1] In addition, Stinson seeks leave to amend his complaint and to lift the stay on discovery. For the reasons set forth below, the motions to substitute and amend will be denied whereas the stay will be lifted.

At the outset, Stinson concedes in his reply brief that defendants "may be technically correct" that Rule 25(a)(1) is not the proper mechanism for substituting Guido in this action. Substitution is not possible if one who was named as a party died before the

---

[1]The Last Will and Testament of Thomas J. Jackelen appears to have been filed in Milwaukee County Circuit Court on October 2, 1989. (Pl.'s Ex. C.) At the scheduling conference, the defendants' attorney suggested that the estate was closed in 2002.

commencement of the action. *See* 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure,* Civil 3rd § 1951 at 651 (2007). Indeed, "it is elementary that one deceased cannot be a party to an action." *Brickley v. Neuling*, 256 Wis. 334, 336, 41 N.W.2d 284, 285 (1950); see also Grenig, 2 WIPRAC § 310.2 (4th Ed. 2010). Although Stinson cited authorities in support of his motion, each of the cases involved attempts to substitute a personal representative when the defendant died *after* the lawsuit was commenced. *See McSurley v. McClellan*, 753 F.2d 88 (D.C. Cir. 1985); *Graham v. Henderson*, 224 F.R.D. 59 (N.D.N.Y. 2004).

The more appropriate question is whether Stinson can amend his complaint and, in the process, add Guido as a party. He seeks to add state law claims, intentional and negligent misrepresentation, intentional and negligent infliction of emotional distress, against defendant James Gauger and the City of Milwaukee, and two new constitutional theories under the First and Fifth Amendment.

According to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." However, a district court may deny leave to file an amended complaint in the case of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Airborn Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007), *quoting Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, the proposed second amended complaint does not identify any ongoing factual or legal basis for naming Lisa Guido as a defendant.[2] Rather, the proposed amended complaint, attached as Exhibit A to Stinson's motion, contains the following footnote:

> Ms. Lisa J. Guido (f/k/a Lisa J. Jackelen) has been substituted as the proper party under FED. R. Civ. P. 25(a)(1) for deceased Defendant Thomas Jackelen pursuant to this Court's Order dated _____. Because Ms. Guido is only placeholder for Thomas Jackelen, this Defendant will be referred to as Defendant Jackelen.

Because the court has determined that substitution on these facts is improper under Rule 25, the proposed second amended complaint cannot stand. The court will deny leave to amend without prejudice and allow the parties to proceed with discovery relevant to the amended complaint. Now, therefore,

IT IS ORDERED that plaintiff's motion to substitute a party pursuant to Federal Rule of Civil Procedure 25(a)(1) is denied.

IT IS FURTHER ORDERED that plaintiff's motion for leave to file a second amended complaint is denied without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion to unstay discovery is granted.

Dated at Milwaukee, Wisconsin, this 12th day of January, 2011.

BY THE COURT
/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE

---

[2] If Thomas J. Jackelen's estate was closed in 2002, as suggested by defense counsel, it is unclear whether Guido has any ongoing obligation respecting that estate and it is not asserted that she does.

3