IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN, MILWAUKEE DIVISION

| | | |
|---|---|---|
| ROBERT LEE STINSON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | 2:09 CV 01033-CNC |
| vs. | ) | |
| | ) | |
| THE CITY OF MILWAUKEE,JAMES | ) | |
| GAUGER, other | ) | |
| AS-OF-YET UNKNOWN EMPLOYEES OF THE | ) | Judge Clevert |
| CITY OF MILWAUKEE, DR. LOWELL | ) | |
| T. JOHNSON, and DR. RAYMOND D. | ) | |
| RAWSON | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## PROPOSED SECOND AMENDED COMPLAINT

NOW COMES Plaintiff, ROBERT LEE STINSON, by and through his
attorneys, LOEVY & LOEVY, and complaining of Defendants, CITY OF
MILWAUKEE, POLICE OFFICER JAMES GAUGER, OTHER AS-OF-YET UNKNOWN
EMPLOYEES OF THE CITY OF MILWAUKEE, DR. LOWELL T. JOHNSON, and
DR. RAYMOND D. RAWSON, and alleges as follows:

### Introduction

1.    Robert Lee Stinson was wrongfully convicted of a
murder that he did not commit.  The then-twenty-one-year-old was
forced to spend 23 years of his life falsely incarcerated and
branded as a murderer.

2.    In violation of his right to due process of law and in
retaliation for his refusal to implicate himself and others in a
previous murder, the Defendants caused Mr. Stinson to be

convicted of the murder based on fabricated "bitemark" evidence, which has since been entirely discredited.

3.  Mr. Stinson has now been completely exonerated through DNA and other evidence.  On January 30, 2009, Mr. Stinson's conviction was overturned and he was finally released from prison.  The State then dismissed all the charges against Mr. Stinson in the face of the overwhelming evidence of his innocence.

4.  By all accounts a quiet and gentle man, Mr. Stinson must now attempt to make a life for himself without the benefit of over two decades of life experiences.  This lawsuit seeks redress for his injuries.

## Jurisdiction and Venue

5.  This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

6.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331.  Venue is proper under 28 U.S.C. § 1391(b).  The events giving rise to this complaint occurred in this judicial district.

## The Parties

7.  Robert Lee Stinson is a 45 year-old resident of Milwaukee, Wisconsin.  Mr. Stinson was born and raised in

Milwaukee.  Mr. Stinson is currently enrolled at Sanford-Brown College in Milwaukee, Wisconsin.

8.    Before his arrest and incarceration, Mr. Stinson was living with his family and was in the process of applying for a job.  Additionally, at that time, Mr. Stinson had little exposure to the criminal justice system:  His only prior conviction was a misdemeanor offense when he was 18 years old, for which he was fined approximately $284.

9.    James Gauger along with as-of-yet unknown Defendants (hereinafter "Defendant Officers"), are current or former police officers with the City of Milwaukee Police Department.  Each of the Defendant Officers is sued in his individual capacity, and each acted under color of law and in the scope of his employment in engaging in the actions alleged in this Complaint.

10.   Defendant City of Milwaukee is a municipal entity that employs or employed the Defendant Officers, including the as-of-yet unknown Defendants.

11.   Defendant Dr. Lowell T. Johnson is a dentist in Milwaukee, Wisconsin.  Defendant Dr. Raymond D. Rawson is a dentist in Las Vegas, Nevada.  At all times relevant to this action, Drs. Johnson and Rawson were  state actors insofar as they were alternately, jointly engaged with the Defendant Officers in conducting the investigation that led to Mr. Stinson's wrongful conviction, conspired with the Defendant

Officers to secure Mr. Stinson's wrongful conviction, wereserving a public function and/or was given the authority by the Defendant Officers to identify the perpetrator of the murder for which Mr. Stinson was wrongfully convicted. Defendant Officers and Defendants Johnson and Rawson will collectively be referred to as "Individual Defendants."

**The Murder**

12. Early in the morning on November 3, 1984, the body of 63 year-old Ione Cychosz was discovered in an alley near her home in Milwaukee. Ms. Cychosz's body was partially nude: She was dressed only in a bra and blue shirt, which had been pulled over her head and bunched up behind her neck, as well as her socks and one shoe. Her body was covered in mud and leaves.

13. When the police found Ms. Cychosz's body, it had numerous bite marks on it, including on her breasts, abdomen and pubic area. Ms. Cychosz was also covered in bruises and lacerations, and one of her teeth had been knocked out. According to the medical examiner, her death was caused by internal injuries resulting from a severe beating.

**Police Investigation**

14. In the days immediately following Ms. Cychosz's death, the police canvassed the neighborhood looking for potential witnesses. Among the many persons they spoke to was Robert Lee Stinson. Mr. Stinson explained that he was out at a party with

4

friends on the night of the murder, then went to the corner store and eventually went home to sleep. He told the police who he was with and the approximate time he was with them.

15. The police also spoke to a number of persons in the area that they identified as potential suspects. For example, the police spoke with Robert Jenkins, who they located sleeping in his car less than an hour after Ms. Cychosz's body was found. Mr. Jenkins could not tell the police where he had been, he had visible scratches on his hands and he had a pair of sweatpants in his car that had mud and leaves caked on them just as did Ms. Cychosz's body.

### The Wrongful Arrest of Robert Lee Stinson

16. On or about November 3, 1984, the Defendant Officers contacted a local odontologist, Dr. Lowell T. Johnson, to examine the bite marks on the victim's body. The Defendant Officers met with Defendant Johnson on or about November 15, 1984, and Defendant Johnson explained his findings that the person responsible for the bitemark had a missing upper lateral incisor – *i.e.*, tooth number seven. The upper lateral incisor is one of the upper four front teeth.

17. Following that meeting, the Defendant Officers began focusing their search on persons with missing front teeth, which Mr. Stinson had.

18.  Despite his lack of a criminal record, the police decided to focus their investigation on Robert Lee Stinson.  Mr. Stinson was an easy target.  Moreover, the Defendant Officers were motivated to frame Mr. Stinson in retaliation for his refusal to implicate himself and others in a previous murder case.

19.  Defendant Officers and the City of Milwaukee had been seeking to prosecute Mr. Stinson's friends in connection with a 1982 murder of Ricky Johnson.  Mr. Stinson was with his friends at the time of the murder and was an alibi witness for them.

20.  The police took Mr. Stinson into custody and tried to coerce him to falsely implicate his friends and by association, himself, in Johnson's murder.  Mr. Stinson repeatedly told the police that his friends could not have committed the murder since they were all together and refused to implicate himself in the Johnson murder.

21.  After Mr. Stinson refused to speak with the police, the police coerced a different man to implicate Mr. Stinson's friends in the Johnson murder.  That man then retracted his statement, indicating that it was coerced and false.  As a result, the Defendant Officers did not have enough evidence to continue the prosecution of Mr. Stinson's friends for the Johnson murder and it had to be dismissed, causing embarrassment to the Defendants.

22.  A year after the Johnson prosecutions were dismissed,
the Defendant Officers were assigned to investigate the Cychosz
murder, a murder that had taken place near where Mr. Stinson
lived.  The Defendant Officers used this opportunity to take
revenge on Mr. Stinson for his statements exonerating the
Johnson suspects, and for his refusal to implicate himself and
his friends in the Johnson murder and to continue speaking with
the police.

23.  As a result, and unbeknownst to Mr. Stinson, the
Defendant Officers with the assistance of Defendant Johnson
manipulated the evidence to fit Mr. Stinson.  Although Mr.
Stinson had a strong alibi, which was corroborated by multiple
persons, the Defendant Officers secured a search warrant to take
molds of his teeth.  Other than Mr. Stinson's twin brother, the
Defendant Officers did not request warrants to take molds of the
teeth of any of the other possible suspects.

### The Alleged "Bitemark" Evidence

24.  The problem, however, was that Mr. Stinson's dentition
did not match up to Defendant Johnson's original findings
regarding the bite marks made by the perpetrator.  As shown
below, Mr. Stinson had an intact tooth where the perpetrator had
a missing tooth, and Mr. Stinson was missing a tooth where
Defendant Johnson's findings indicated that the perpetrator's
tooth should be intact.

7

 

<u>Figure 1</u>: Police sketch of perpetrator's dentition (missing upper lateral incisor)

<u>Figure 2</u>: Robert Lee Stinson's dentition (missing front tooth)

25. Rather than continue to search for the true perpetrator, or take dental molds of the other potential suspects, the Individual Defendants manipulated the evidence so that the bitemark evidence appeared to correlate with Mr. Stinson's dentition. For example, Dr. Johnson issued a report indicating that Mr. Stinson's dentition matched that of the person who inflicted the bitemarks on the victim to the exclusion of all other individuals. To buttress Dr. Johnson's false conclusion that the bitemarks matched Mr. Stinson's dentition, Defendants Officers and Dr. Johnson engaged Dr. Rawson to confirm Dr. Johnson's false conclusion and validate the methods Dr. Johnson employed. Indeed, Defendant Gauger and Detective Jackelen flew to Las Vegas with photographs, wax molds and models of Mr. Stinson's dentition to have him validate Dr. Johnson's conclusion that the bitemark evidence implicated Mr.

Stinson.  Dr. Rawson issued a report falsely affirming Dr. Johnson's conclusion as well.  The Individual Defendants' manipulation of the evidence and the manner in which that manipulation was undertaken was never disclosed to Mr. Stinson or his defense team.

### Mr. Stinson's Trial

26.  Mr. Stinson had a three-day trial, after which he was found guilty of the murder of Ione Cychosz.  The only evidence offered to tie Mr. Stinson to the murder was the manipulated bitemark evidence.  The State could not tie Mr. Stinson to any of the evidence located at the crime scene or to a motive and never identified any witnesses who could place Mr. Stinson anywhere other than where Mr. Stinson was on the night of the murder:  at a friend's party, at a nearby store and in his home.

27.  Mr. Stinson testified at trial protesting his innocence and describing his whereabouts.  Although he also called multiple alibi witnesses to corroborate his whereabouts, Mr. Stinson was convicted and sentenced to life in prison based solely on the manipulated bitemark evidence.

### Mr. Stinson's Exoneration

28.  Throughout his incarceration, Mr. Stinson maintained his innocence.  With the assistance of the Wisconsin Innocence Project, Mr. Stinson was able to secure the forensic science to back up his claim:  He had the "bitemark" evidence re-examined

and DNA testing done on the clothing that Ms. Cychosz was wearing at the time she was murdered. All of this evidence exonerated him, and helped him prove his innocence.

29. As to the bitemarks, Mr. Stinson had a panel of forensic odontologists examine the evidence that Defendant Johnson presented at trial. That panel determined that there was no correlation between Mr. Stinson's dentition and the bitemarks found on the victim. As such, Mr. Stinson was excluded as a possible suspect.

30. DNA testing done on various items of Ms. Cychosz's clothing similarly exonerated Mr. Stinson. The Wisconsin Crime Laboratory found a consistent male DNA profile on four separate areas of the victim's pullover. Testing on other cuttings revealed mixture profiles consisting of male DNA from at least four different men. Mr. Stinson was conclusively excluded as a source of any of the male DNA profiles that were generated.

31. With the new bitemark and DNA evidence, Mr. Stinson petitioned for a new trial. The Milwaukee District Attorney's office agreed that the bitemark and DNA evidence invalidated his conviction and joined the petition.

32. On or about January 30, 2009, the circuit court vacated Mr. Stinson's conviction and sentence. He was released from the Lisbon Correctional Center later that day.

33.  On or about July 27, 2009, the State dismissed all charges against Mr. Stinson in a manner indicative of his innocence.

34.  In the spring of 2010, the State was able to make a positive identification of the DNA evidence with real murderer, Mr. Moses Price.

35.  Mr. Price subsequently confessed to the crime.

36.  In his confession, Mr. Price admitted to carrying a bottle of alcohol with him, which is consistent with the evidence obtained from the crime scene.  Specifically, an alcohol bottle was collected and inventoried as evidence.  However, Defendant Officers either failed to attempt to collect fingerprints and/or DNA from the alcohol bottle, or, alternatively, Defendant Officers attempted and matched the fingerprints to Moses Price but then destroyed the results.  On information and belief, the Milwaukee Police Department obtained Price's fingerprints around the time of the murder and sufficiently in advance of Mr. Stinson's criminal trial.

37.  In addition, Mr. Price stated that he has a space between his two front teeth.

38.  Although Mr. Price was convicted of arson and murder and sentenced to 35 years' imprisonment in 1991, it was not until sometime in 2009 that the State obtained a DNA sample from Mr. Price.

## Mr. Stinson's Damages

39.  Mr. Stinson spent 23 years in prison for a crime that he did not commit.  Mr. Stinson must now attempt to make a life for himself outside of prison without the benefit of over two decades of life experiences, which normally equip adults for that task.

40.  Additionally, the emotional pain and suffering caused by losing 23 years in the prime of his life has been substantial.  During his wrongful incarceration, Mr. Stinson was stripped of the various pleasures of basic human experience, from the simplest to the most important, which all free people enjoy as a matter of right.  He missed out on the ability to share holidays, births, funerals and other life events with loved ones, the opportunity to fall in love, marry and to raise a family, to pursue a career, and the fundamental freedom to live one's life as an autonomous human being.

41.  As a result, Mr. Stinson has suffered tremendous damage, including extreme emotional distress, physical suffering and financial loss.

## Count I -- 42 U.S.C. § 1983

### Due Process

42.  Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

43.  As described more fully above, all of the Individual Defendants, while acting individually, jointly and in conspiracy, as well as under color of law and within the scope of their employment, deprived Plaintiff of his constitutional right to a fair trial.

44.  In the manner described more fully above, the Individual Defendants deliberately withheld exculpatory evidence, as well as fabricated false reports and other evidence, thereby misleading and misdirecting the criminal prosecution.  Absent the totality of this misconduct, the prosecution of Plaintiff could not and would not have been pursued.

45.  The Individual Defendants' misconduct directly resulted in the unjust criminal conviction of Plaintiff, thereby denying him his constitutional right to a fair trial, and a fair appeal thereof, in violation of the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

46.  As a result of this violation of his constitutional right to a fair trial, Plaintiff suffered injuries, including but not limited to emotional distress, as is more fully alleged above.

47.  The Defendant Officers' misconduct, as described in this Count was objectively unreasonable and was undertaken

Case 2:09-cv-01033-JPS   Filed 06/14/11   Page 13 of 27   Document 58-1

intentionally with willful indifference to Plaintiff's constitutional rights.

48. Defendants Johnson's and Rawson's misconduct, as described in this Count, was objectively unreasonable and was undertaken with deliberate indifference to Plaintiff's constitutional rights. In the alternative, Defendants Johnson's and Rawson's misconduct was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

49. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Milwaukee Police Department to pursue wrongful convictions through profoundly flawed investigations and coerced evidence. In this way, the Defendant City of Milwaukee violated Plaintiff's rights by maintaining policies and practices that were the moving force driving the foregoing constitutional violations.

50. These widespread practices, so well-settled as to constitute *de facto* policy in the Milwaukee Police Department, were able to exist and thrive because municipal policymakers with authority over the same exhibited deliberate indifference to the problem, thereby effectively ratifying it.

51. The widespread practices described in the preceding paragraphs were allowed to flourish because the City declined to implement sufficient training and/or any legitimate mechanism for oversight or punishment.

## Count II – 42 U.S.C. § 1983

## First Amendment Retaliation

52.  Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

53.  In retaliation for Plaintiff's statements in connection with the Johnson murder and his refusal to implicate himself and his friends, Defendant Officers targeted Plaintiff for the Cychosz murder without probable cause to believe that Plaintiff committed that crime.

54.  In fact, the only evidence that the Defendant Officers claim tied Plaintiff to the Cychosz murder was bitemark evidence, which could not possibly have come from Mr. Stinson and which no reasonably prudent person could have believed could come from Mr. Stinson.

55.  Defendant Officers intentionally misrepresented the nature of this evidence to create a false appearance of probable cause.

56.  As a result of this violation of his First Amendment constitutional rights, Plaintiff suffered injuries, including but not limited to emotional distress, as is more fully alleged above.

57.  The Defendant Officers' misconduct, as described in this Count was objectively unreasonable and was undertaken

Case 2:09-cv-01033-RTR Filed 06/14/11 Page 15 of 27 Document 58-1

intentionally with willful indifference to Plaintiff's constitutional rights.

58. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Milwaukee Police Department to pursue wrongful convictions through retaliation, profoundly flawed investigations and coerced evidence. In this way, the Defendant City of Milwaukee violated Plaintiff's rights by maintaining policies and practices that were the moving force driving the foregoing constitutional violations.

59. These widespread practices, so well-settled as to constitute *de facto* policy in the Milwaukee Police Department, were able to exist and thrive because municipal policymakers with authority over the same exhibited deliberate indifference to the problem, thereby effectively ratifying it.

60. The widespread practices described in the preceding paragraphs were allowed to flourish because the City declined to implement sufficient training and/or any legitimate mechanism for oversight or punishment.

### Count III – 42 U.S.C. § 1983

### Fifth Amendment Retaliation

61. Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

62. In retaliation for Plaintiff's invocation of his right to remain silent, Defendants targeted Plaintiff for the Cychosz

Case 2:09-cv-01033-NJ Filed 06/14/11 Page 16 of 27 Document 58-1

murder without probable cause to believe that Plaintiff committed that crime.

63.   As a result of this violation of his First Amendment constitutional rights, Plaintiff suffered injuries, including but not limited to emotional distress, as is more fully alleged above.

64.   The Defendant Officers' misconduct, as described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

65.   The misconduct described in this Count was undertaken pursuant to the policy and practice of the Milwaukee Police Department to pursue wrongful convictions through retaliation, profoundly flawed investigations and coerced evidence.  In this way, the Defendant City of Milwaukee violated Plaintiff's rights by maintaining policies and practices that were the moving force driving the foregoing constitutional violations.

66.   These widespread practices, so well-settled as to constitute *de facto* policy in the Milwaukee Police Department, were able to exist and thrive because municipal policymakers with authority over the same exhibited deliberate indifference to the problem, thereby effectively ratifying it.

67.   The widespread practices described in the preceding paragraphs were allowed to flourish because the City declined to

17

implement sufficient training and/or any legitimate mechanism for oversight or punishment.

## Count IV – 42 U.S.C. § 1983

### Failure to Intervene

68.  Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

69.  In the manner described above, during the constitutional violations described above, one or more of the Individual Defendants stood by without intervening to prevent the misconduct.

70.  These Individual Defendants had a reasonable opportunity to prevent this harm, but failed to do so.

71.  As a result of the Individual Defendants' misconduct, Plaintiff suffered injuries, including but not limited to emotional distress, as is more fully alleged above.

72.  The Defendant Officers' misconduct, as described in this Count, was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

73.  Defendants Johnson's and Rawson's misconduct, as described in this Count, was objectively unreasonable and was undertaken with deliberate indifference to Plaintiff's constitutional rights. In the alternative, Defendants Johnson's

and Rawson's misconduct was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

74.   The misconduct described in this Count was undertaken pursuant to the City of Milwaukee's policy and practice in the manner described in the preceding paragraphs.

## Count V -- 42 U.S.C. § 1983

### Conspiracy to Deprive Constitutional Rights

75.   Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

76.   After the murder at issue, the Individual Defendants reached an agreement amongst themselves to frame Plaintiff for the crime, and to thereby deprive Plaintiff of his constitutional rights, all as described in the various Paragraphs of this Complaint.

77.   Independently, before and after Plaintiff's conviction, each of the Individual Defendants further conspired, and continues to conspire, to deprive Plaintiff of exculpatory materials to which he was lawfully entitled and which would have led to his more timely exoneration of the false charges as described in the various Paragraphs of this Complaint.

78.   In this manner, the Individual Defendants, acting in concert with other unknown co-conspirators, including persons who are not members of the Milwaukee Police Department, have

Case 2:09-cv-01033-NJ   Filed 06/14/11   Page 19 of 27   Document 58-1

conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

79.    In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

80.    As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated, and he suffered financial damages, as well as severe emotional distress and anguish, as is more fully alleged above.

81.    The Defendant Officers' misconduct, as described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

82.    Defendants Johnson's and Rawson's misconduct, as described in this Count, was objectively unreasonable and was undertaken with deliberate indifference to Plaintiff's constitutional rights. In the alternative, Defendant Johnson's and Rawson's misconduct was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

83.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the Milwaukee Police Department in the manner described more fully in preceding paragraphs, and was tacitly ratified by policymakers for the Defendant City of Milwaukee with final policymaking authority.

84.  As a result of this violation, Plaintiff suffered injuries, including but not limited to emotional distress, as is more fully alleged above.

### Count VI -- 42 U.S.C. § 1983

### Supervisor Liability

85.  Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

86.  The constitutional injuries complained of herein were proximately caused by a pattern and practice of misconduct, which occurred with the knowledge and consent of those of the Defendant Officers who acted in a supervisory capacity, such that these officers personally knew about, facilitated, approved, and/or condoned this pattern and practice of misconduct, or least recklessly caused the alleged deprivation by their actions or by their deliberately indifferent failure to act.

87.  The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

88.  The misconduct described in this Count was undertaken pursuant to the City's policy and practice in the manner more fully described above.

89.   As a result of this violation, Plaintiff suffered injuries, including but not limited to emotional distress, as is more fully alleged above.

### Count VII – State Law Claim

### Intentional Misrepresentation

90.   Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

91.   Defendant Gauger, other unknown Defendant Officers and Defendants Johnson and Rawson made representations to the police and/or prosecution that Mr. Stinson's dentition matched that of the perpetrator to the exclusion of all other suspects.

92.   Defendant Gauger's, unknown Defendant Officers' and Defendants Johnson's and Rawson's statements were not true, but the police and/or prosecution relied on them nevertheless to prosecute and convict Mr. Stinson of the murder of Ione Cychosz.

93.   Defendants Gauger, unknown Defendant Officers and Defendants Johnson and Rawson knew that their statements regarding the purported match between Mr. Stinson's dentition and perpetrator's dentition were untrue and/or they were reckless in making these representations.

94.   In addition, in making these representations, Defendants Gauger, other unknown Defendant Officers and Defendants Johnson and Rawson intended to deceive the police and/or prosecution.

95.  As a result of these misrepresentations, Plaintiff suffered injuries, including but not limited to emotional distress, as is more fully alleged above.

## Count VIII – State Law Claim

## Negligent Misrepresentation

96.  Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

97.  As described more fully above, Defendants Gauger, unknown Defendant Officers and Defendants Johnson and Rawson made representations to the police and/or prosecution that Mr. Stinson's dentition matched that of the perpetrator to the exclusion of all other suspects.

98.  Defendant Gauger's, unknown Defendant Officers' and Defendants Johnson's and Rawson's statements were not true, but the police and/or prosecution relied on them nevertheless to prosecute and convict Mr. Stinson of the murder of Ione Cychosz.

99.  As a result of these misrepresentations, Plaintiff suffered injuries, including but not limited to emotional distress, as is more fully alleged above.

## Count IX – State Law Claim

## Negligent Infliction of Emotional Distress

100. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

101. In the manner described more fully above, by manipulating the bitemark evidence to inculpate Plaintiff, Defendant Gauger, unknown Defendant Officers and Defendants Johnson and Rawson caused Plaintiff severe emotional distress.

102. In doing so, Defendant Gauger's, unknown Defendant Officers' and Defendants Johnson's and Rawson's conduct fell below the applicable standard of care and was the cause-in-fact of Plaintiff's injuries.

103. As a result of Defendants Gauger's, ohnson's and Rawson's conduct, Plaintiff suffered injuries, including severe emotional distress, as is more fully alleged above.

### Count X – State Law Claim

### Intentional Infliction of Emotional Distress

104. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

105. In the manner described more fully above, by wrongfully inculpating Plaintiff in a crime he did not commit, Defendant Gauger, unknown Defendant Officers and Defendants Johnson and Rawson intended to cause emotional distress.

106. In doing so, Defendant Gauger's, unknown Defendant Officers' and Defendants Johnson's and Rawson's conduct was extreme and outrageous and caused Plaintiff severe, disabling emotional distress.

107. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

108. As a result of this misconduct, Plaintiff sustained injuries, including emotional pain and suffering, as is more fully alleged above.

## Count XI- State Law Claim

## Malicious Prosecution

109. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

110. Defendant Gauger, unknown Defendant Officers and Defendants Johnson and Rawson caused Plaintiff to be improperly subjected to judicial proceedings for which there was no legitimate probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were ultimately terminated in Plaintiff's favor in a manner indicative of innocence.

111. Defendant Gauger, unknown Defendant Officers and Defendants Johnson and Rawson accused Plaintiff of criminal activities knowing those accusations to be without genuine probable cause, and made statements to the police and/or prosecutors with the intent of exerting influence to institute and continue the judicial proceedings.

112. Defendant Gauger, unknown Defendant Officers and Defendants Johnson and Rawson also fabricated evidence and withheld the manner in which that evidence was fabricated

113. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

114. As a result of this misconduct, Plaintiff sustained injuries, including emotional pain and suffering, as more fully alleged above.

**Count XII – State Law Claim**

**Indemnification**

115. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

116. Wisconsin law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

117. The Defendant Officers are or were employees of the Milwaukee Police Department, and acted within the scope of their employment in committing the misconduct described herein.

118. In addition, Dr. Lowell T. Johnson was an agent of the Milwaukee Police Department, and acted within the scope of his agency in committing the misconduct described herein.

WHEREFORE, Plaintiff, ROBERT LEE STINSON, respectfully requests that this Court enter judgment in his favor and against the Defendants, CITY OF MILWAUKEE, , JAMES GAUGER and OTHER AS-OF-YET UNKNOWN EMPLOYEES OF THE CITY OF MILWAUKEE, DR. LOWELL T. JOHNSON, and DR. RAYMOND D. RAWSON and awarding compensatory damages, costs and attorneys' fees, along with punitive damages against each of the Individual Defendants in their individual capacities along with whatever additional relief this Court deems appropriate.

## JURY DEMAND

Plaintiff, ROBERT LEE STINSON, hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

/s/Gayle Horn_____

Arthur Loevy
Jon Loevy
Michael Kanovitz
Russell Ainsworth
Gayle Horn
Heather Lewis Donnell
LOEVY & LOEVY
312 N. May Street
Suite 100
Chicago, IL 60607
Ph: (312) 243-5900
Fx: (312) 243-5902