UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT LEE STINSON,

    Plaintiff,

  v.                                            Case No. 2:09-cv-1033-PP

JAMES GAUGER, et al.,

    Defendants.

**ATTACHMENT I**

**Parties' Agreed Instruction on Plaintiff's State Law Claim
For Negligent Infliction of Emotional Distress**

**Substantive Instructions Under State Law**

**WIS JI-CIVIL 1511 PERSONAL INJURIES: NEGLIGENT INFLICTION OF SEVERE EMOTIONAL DISTRESS**

Plaintiff has alleged that he sustained severe emotional distress as a result of the incident involved in this case.  Emotional distress is compensable with or without physical injuries if the defendant was negligent with respect to the incident involved in the case, the incident caused plaintiff emotional distress, and the emotional distress is severe.  Therefore, there are three things that plaintiff must prove by the greater weight of the credible evidence to a reasonable certainty:

1. the defendant was negligent with respect to the incident involved in the case;
2. the incident was a cause of plaintiff's emotional distress; and
3. the emotional distress is severe.

First, as to negligence:

**1005 NEGLIGENCE: DEFINED**

A layperson or non-expert like Detective Gauger is negligent when he or she fails to exercise ordinary care.  Ordinary care is the care which a reasonable person would use in similar circumstances.  A person is not using ordinary care and is negligent, if the person, without intending to do harm, does something (or fails to do something) that a reasonable person would recognize as creating an unreasonable risk of injury or damage to a person or property.

**1023 PROFESSIONAL NEGLIGENCE: DENTAL**

A different standard applies to negligence allegations against a medical or dental professional like Dr. Johnson or Dr. Rawson.  In performing their expert analysis of the bite mark evidence in 1985, Dr. Johnson and Dr. Rawson were required to use the degree of care, skill, and judgment which reasonable forensic odontologists would have exercised in the same or

similar circumstances, having due regard for the state of the science of forensic odontology in 1985, at the time of the 1984 criminal investigation. A forensic odontologist who fails to conform to this standard is negligent. The burden is on (Mr. Stinson) to prove that (either Dr. Johnson or Dr. Rawson) was negligent.

A forensic odontologist is not negligent, however, for failing to use the highest degree of care, skill, and judgment or solely because a bad result may have followed (his) opinion. The standard you must apply in determining if Dr. Johnson/Dr. Rawson were negligent is whether either failed to use the degree of care, skill, and judgment which reasonable forensic odontologists would exercise given the state of knowledge in the science of forensic odontology at the time of the 1984 criminal investigation.

If you find from the evidence that more than one method of analysis was recognized as reasonable given the state of knowledge in the field of forensic odontology at the time, Dr. Johnson and Dr. Rawson were at liberty to select any of the recognized methods. Neither Dr. Johnson or Dr. Rawson were negligent in 1985 because (he) chose to use of these recognized methods rather than another recognized method if (he) used reasonable care, skill, and judgment in administering the method.

You have heard testimony during this trial from witnesses who have testified as experts. The reason for this is because the degree of care, skill, and judgment which a reasonable forensic odontologist would exercise is not a matter within the common knowledge of laypersons. This standard is within the special knowledge of experts and can only be established by the testimony of experts. You, therefore, may not speculate or guess what the standard of care, skill, and judgment is in deciding this case, but rather must attempt to determine it from the expert testimony that you heard during this trial. In determining the weight to be given to an opinion,

you should consider the qualifications and credibility of the expert and whether reasons for the opinion are based on facts in the case. You are not bound by any expert's opinion.

Second, as to emotional distress, "emotional distress" is sometimes referred to as mental suffering or mental anguish. It includes all highly unpleasant mental reactions such as fright, grief, anger and worry, and it may include physical manifestations of emotional distress such as nausea, insomnia, and hysteria.

However, in order for emotional distress to be an independent or direct legal claim, the emotional distress must be severe. Complete emotional tranquility is seldom attainable in this world, and some degree of emotional distress is part of the price of living among other people. The law permits a claim for emotional distress separate from physical injuries or in the absence of physical injuries only where the emotional distress is so severe that no reasonable person could be expected to endure it.

Third, as to cause:

**1500 CAUSE**

In answering question ___, you must decide whether someone's negligence caused a injury. A person's negligence is a cause of Plaintiff's injury if the negligence was a substantial factor in producing the present condition of producing an injury. This question does not ask about "**the** cause" but rather "**a** cause" because an injury may have more than one cause. The reason for this is that there can be more than one cause of an injury. An injury may be caused by one person's negligence or by the combined negligence of two or more people.

If you are satisfied from the evidenced that any defendant, under the standards articulated above, was negligent with respect to the incident involved in this case; and the incident was a cause of emotional distress to plaintiff, and the emotional distress was severe, you should award

fair and reasonable compensation for the claim of severe emotional distress. If you are not satisfied, make no allowance for the claim of severe emotional distress and confine your award to fair and reasonable compensation for any other injuries to plaintiff which were caused by the incident.