UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT LEE STINSON,

       Plaintiff,

  v.                                      Case No. 2:09-cv-1033-PP

JAMES GAUGER, et al.,

       Defendants.

## ATTACHMENT J

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

## THE PARTIES AND THE CLAIMS

The plaintiff in this case is Robert Lee Stinson. I will refer to him as the Plaintiff.

The defendants in this case are Detective James Gauger, Dr. Lowell T. Johnson and Dr. Raymond Rawson. I will refer to them as the Defendants.

Plaintiff claims that Defendants Gauger, Johnson and Rawson violated his civil rights, entered into an agreement to violate his rights, and failed to intervene in the violation of his civil rights. Plaintiff also claims that Defendants maliciously caused him to be prosecuted for murder, and intentionally or negligently inflicted emotional distress.

The Defendants deny each of Plaintiff's claims.

Plaintiff's Proposed Jury Instruction No. 1

| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| \_\_\_X\_\_ | Objected to |

**Defendants' Objection:**

## 1.20 SPOLIATION/DESTRUCTION OF EVIDENCE

Plaintiff contends that Defendant Gauger at one time possessed memo books, which contained: (1) notes he took during his investigation into the death of Ione Cychosz; and/or (2) notes he took during meetings with other Defendants during his investigation into the death of Ione Cychosz. However, Defendant Gauger contends that when he destroyed his memo books in that it was not intentional. You may assume that such evidence would have been unfavorable to Defendant Gauger only if you find by a preponderance of the evidence that:

1) Defendant Gauger intentionally destroyed his memo books or caused the memo books to be destroyed; and

2) Defendant Gauger destroyed the memo books or caused the memo books to be destroyed in bad faith.

Plaintiff's Proposed Jury Instruction No. 2
Source: Seventh Circuit Pattern Jury Instruction No. 1.20; *See Miksis v. Howard*, 106 F.3d 754, 762-763 (7th Cir. 1997) (party seeking adverse inference must prove that other party intentionally destroyed evidence in bad faith). The Seventh Circuit "requires a showing of an intentional act by the party in possession of the allegedly lost or destroyed evidence" to support a missing or destroyed evidence instruction. *Spesco, Inc. v. General Elec. Co*., 719 F.2d 233, 239 (7th Cir. 1983); *see also Adkins v. Mid-America Growers, Inc.,* 141 F.R.D. 466, 473 (N.D. Ill. 1992) ("In cases where evidence has been intentionally destroyed, it may be presumed that the materials were relevant."). If the facts are not in dispute, the court ordinarily will decide the sanction for an intentional and bad faith spoliation, which might include an instruction with an inference such as that set forth in this instruction

|  _____  | Given |
|  _____  | Rejected |
|  _____  | Withdrawn |
|  ___X___  | Objected to |

**Defendants' Objection**:

# FIRST CLAIM—VIOLATION OF DUE PROCESS

Plaintiff's first claim is that Defendants Gauger, Johnson and Rawson violated his constitutional right to due process of law.

To succeed on this claim as to the particular Defendant you are considering, the Plaintiff must prove both of the following things by a preponderance of the evidence:

1. The Defendant:

    a. concealed exculpatory and/or impeachment evidence; and/or

    b. fabricated or participated in the fabrication of evidence; and

2. The evidence was material.

3. The plaintiff was damaged as a result of the concealment or fabrication.

I will now define some of the terms that I have just used.

"Exculpatory evidence" is evidence that would tend to show that the accused is not guilty of the crime charged.

"Impeachment evidence" is evidence that would undermine the credibility of a witness.

Evidence is considered "material" if it would have had a reasonable likelihood of affecting the outcome of the criminal case.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

Plaintiff's Proposed Jury Instruction No. 3
Source: Seventh Circuit Pattern Jury Instruction No. 7.14; *Manson v. Brathwaite*, 432 U.S. 98 (1977); *Avery v. City of Milwaukee*, 847 F.3d 433, 439 (7th Cir. 2017); *Whitlock v. Brueggemann*, 682 F.3d 567, 581 (7th Cir. 2012) *Lee v. Foster*, 750 F.3d 687 (7th Cir. 2014); *Alexander v. City of South Bend*, 433 F.3d 550 (7th Cir. 2006); *Rivera v. Guevara*, No. 1:12-cv-04428 (N.D. Ill.) (Dckt. 671 at 23); *Fields v. City of Chicago*, No. 10 C 1168 (N.D. Ill.).

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| \_\_X\_\_\_ | Objected to |

**Defendants' Objection**:

## SECOND CLAIM—ILLEGAL DETENTION

Plaintiff's second claim is that Defendants Gauger, Johnson and Rawson violated his constitutional rights by causing his detention without probable cause.

To succeed on this claim as to the particular Defendant you are considering, the Plaintiff must prove both of the following things by a preponderance of the evidence:

1. The Defendant caused Plaintiff to be detained;

2. There was no probable cause for the detention.

I will now define one of the terms that I have just used.

"Probable cause" exists for a criminal proceeding if, based on the evidence known at the time, a reasonable person would have believed that the plaintiff had committed the crime that was charged.

Plaintiff's Proposed Jury Instruction No. 4
Source: *Manuel v. City of Joliet*, 137 S. Ct. 911 (2017); Seventh Circuit Pattern Jury Instructions 7.07 & 7.08 (modified); *Hurt v. Wise*, 880 F.3d 831, 843 (7th Cir.) ("The Fourteenth Amendment's Due Process Clause is the relevant constitutional source; it forbids the state from depriving a person of liberty (including by pre-trial detention) based on manufactured evidence."), *cert. denied*, 139 S. Ct. 412 (2018), *and cert. denied sub nom. Vantlin v. Hurt*, 139 S. Ct. 412 (2018); *Avery v. City of Milwaukee*, 847 F.3d 433, 439 (7th Cir. 2017); *Alexander v. McKinney*, 692 F.3d 553, 557 (7th Cir. 2012).

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| \_\_\_X\_\_ | Objected to |

**Defendants' Objection**:

# THIRD CLAIM—FAILURE OF BYSTANDER OFFICER TO INTERVENE

Plaintiff's third claim is that Defendants Gauger, Johnson and Rawson violated his constitutional rights by failing to intervene to stop the harm.

To succeed on this claim as to the particular Defendant you are considering, the Plaintiff must prove each of the following things by a preponderance of the evidence:

1. The Plaintiff's constitutional rights were violated.

2. The Defendant knew that the Plaintiff's constitutional rights were being violated or would be violated.

3. The Defendant had a realistic opportunity to prevent harm from occurring.

4. The Defendant failed to take reasonable steps to prevent harm from occurring.

5. The Defendant's failure to act caused the Plaintiff to suffer harm.

Plaintiff's Proposed Jury Instruction No. 5
Source: Seventh Circuit Pattern Jury Instruction 7.22 (modified).

_____ Given
_____ Rejected
_____ Withdrawn
\_\_\_X\_\_\_ Objected to

**Defendants' Objection**:

# FOURTH CLAIM—AGREEMENT TO VIOLATE CONSTITUTIONAL RIGHTS

Plaintiff's fourth claim is that Defendants Gauger, Johnson and Rawson entered into an agreement to deprive him of his constitutional rights by concealing material exculpatory and/or impeachment evidence, by fabricating false evidence, and/or by causing him to be deprived of his liberty without probable cause.

To succeed on this claim as to the particular Defendant you are considering, the Plaintiff must prove each of the following things by a preponderance of the evidence:

1. The Defendant joined an agreement between two or more persons to violate the Plaintiff's due process rights or to cause the plaintiff to be deprived of his liberty without probable cause.

2. Plaintiff must prove that the participants shared one of these common purposes. He does not have to prove there was a formal agreement or plan in which all involved met together and worked out the details. He also does not have to prove that each participant knew all the details of the agreement or the identity of all the participants.

3. One or more of the participants committed an act in an effort to carry out the agreement.

4. As a result, the Plaintiff's constitutional rights were violated.

Plaintiff's Proposed Jury Instruction No. 6
Source: *Proffitt v. Ridgway*, 270 F.3d 503, 507 (7th Cir. 2002); *Vukadinovich v. Zentz*, 995 F.2d 750 (7th Cir. 1993); *Jones v. City of Chicago*, 856 F.2d 985 (7th Cir. 1988); *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984); *Hampton v. Hanrahan*, 600 F.2d 600 (7th Cir. 1979); *Rivera v. Guevara*, No. 1:12-cv-04428 (N.D. Ill.) (Dckt. 671 at 24).

_____    Given
_____    Rejected
_____    Withdrawn
\_\_\_X\_\_\_   Objected to

**Defendants' Objection**:

## FIFTH CLAIM – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff's fifth claim is that Defendants Gauger, Johnson and Rawson intentionally inflicted emotional distress upon him.

To succeed on this claim as to the particular Defendant you are considering, Plaintiff must prove each of the following:

1. That the conduct was intended to cause emotional distress,
2. That the conduct was extreme and outrageous,
3. That the conduct was a cause of the person's emotional distress, and
4. That the emotional distress was extreme and disabling.

For a person's conduct to be intentional, you must find that the person acted for the purpose of causing emotional distress to the other person.

For the conduct to be extreme or outrageous, you must find that the average member of the community would find the conduct to violate the individual's dignity as a person. The conduct must be gross and extreme and not merely in the field of carelessness or bad manners.

For a person's conduct to be a cause of a party's emotional distress, you must find that the conduct had a substantial effect in producing the emotional distress.

For a person's emotional response to be extreme and disabling, you must find that the person was unable to function in other relationships because of the emotional distress caused by the conduct. Temporary discomfort is not extreme and disabling and cannot be the basis of recovery.


Plaintiff's Proposed Jury Instruction No. 7
Source: Wis. JI-CIVIL 2725 (modified)

_____        Given
_____        Rejected
_____        Withdrawn
\_\_\_X\_\_        Objected to

**Defendants' Objection**:

9

Case 2:09-cv-01033-PP   Filed 01/31/19   Page 9 of 15   Document 265-10

## SEVENTH CLAIM—MALICIOUS PROSECUTION

Plaintiff's seventh claim is that Defendants Gauger, Johnson and Rawson maliciously prosecuted him.

To succeed on this claim as to the particular Defendant you are considering, Plaintiff must prove each of the following elements:

1) A criminal proceeding was brought against Plaintiff. Defendants do not dispute this element.

2) Defendant was actively involved in instituting the criminal prosecution against Plaintiff.

3) The criminal proceeding terminated in favor of Plaintiff. Defendants do not dispute this element.

4) Defendant acted with malice in instituting the criminal proceeding.

5) The criminal charges were made without probable cause.

6) Plaintiff suffered damages as a result of the criminal prosecution on those charges.

The fourth element requires that the Defendant acted with malice in instituting the criminal proceeding in causing the prosecution. A person acts with malice when he or she has a hostile or vindictive motive or acts primarily for a purpose other than bringing a guilty person to justice. Malice does not have to be directly established and can be demonstrated by proof of willful or wanton disregard for the facts or law if such disregard demonstrates a hostile or vindictive motive. A lack of probable cause to initiate a criminal proceeding may also demonstrate malice.

The fifth element relates to whether the charges against Plaintiff lacked probable cause. This element is satisfied if, at the time Defendant caused the charges to be brought against Plaintiff, Defendant knew or had reason to believe that Plaintiff was not guilty of the charges. There is no probable cause if you are satisfied that the Defendant did not have sufficient facts concerning Plaintiff's conduct that would lead a person of ordinary caution and prudence to believe Plaintiff had committed a criminal offence.

Plaintiff's Proposed Jury Instruction No. 8
Source: Wis. JI-CIVIL 2600 (modified) and comments; *Elmer v. Chicago & N.W. Ry. Co.*, 257 Wis. 228, 232, 43 N.W.2d 244, 246 (1950); *Meyer v. Ewald*, 66 Wis.2d 168, 224 N.W.2d 419 (1974); *Julian v. Hanna*, 732 F.3d 842, 845-848 (7th Cir. 2013); *Parish v. City of Chicago*, 594 F.3d 551, 552 (7th Cir. 2009); *Bontkowski v. Smith*, 305 F.3d 757, 760 (7th Cir.2002); *Newsome*

*v. McCabe*, 256 F.3d 747, 750–51 (7th Cir. 2001); *Parish v. City of Elkhart, Ind.*, 702 F.3d 997, 999 (7th Cir. 2012); Wis. Stat. §893.80(3).

|  |  |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| \_\_\_X\_\_\_ | Objected to |

**Defendants' Objection**:

## DAMAGES

The plaintiff is requesting compensatory and punitive damages.

If you find in favor of the plaintiff against one or more of the defendants on one or more of the plaintiff's claims, then you will go on to consider the question of damages.

If you find in favor of all of the defendants on all of the plaintiff's claims, then you will not consider the question of damages.

Plaintiff's Jury Instruction No. 9

_____ Given
_____ Rejected
_____ Withdrawn
\_\_\_X\_\_ Objected to

**Defendants' Objection**:

## COMPENSATORY DAMAGES

You are to determine the amount of money that will fairly compensate the plaintiff for any injury that you find he sustained and is reasonably certain to sustain in the future as a result of the defendants' wrongful conduct. These are called "compensatory damages."

The plaintiff must prove his damages by a preponderance of the evidence. Your award of damages must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include the physical, mental, and emotional aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages:

1. The physical, mental, or emotional pain and suffering that the plaintiff has experienced in the past and is reasonably certain to experience in the future.

2. The loss of normal life that the plaintiff has suffered in the past and is reasonably certain to experience in the future.

No evidence of the dollar value of physical, mental, or emotional pain and suffering or loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

Plaintiff's Jury Instruction No. 10
Source: Seventh Circuit Pattern Jury Instruction 7.23 (modified); *Rivera v. Guevara*, No. 1:12-cv-04428 (N.D. Ill.) (Dckt. 671 at 34).

_____ Given
_____ Rejected
_____ Withdrawn
\_\_X\_\_\_ Objected to

**Defendants' Objection**:

# FINAL INSTRUCTIONS

Once you are all in the jury room, the first thing you should do is choose a presiding juror. The presiding juror should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as by using a telephone, cell phone, smart phone, iPhone, Android, Blackberry, or any type of computer; by using text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or social media, including services like Facebook, LinkedIn, GooglePlus, YouTube, Twitter, Instagram, or SnapChat; or by using any other method of communication.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally. If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

A verdict form has been prepared for you. You will take this form with you to the jury room.

[Read the verdict form.]

When you have reached unanimous agreement, your presiding juror will fill in and date the verdict form, and each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

The verdict must represent the considered judgment of each juror. Your verdict must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

  All of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

  You are impartial judges of the facts.

Plaintiff's Proposed Jury Instruction No. 11
Source: Seventh Circuit Pattern Jury Instructions 1.32, 1.33, 134 (modified).

_____ Given
_____ Rejected
_____ Withdrawn
\_\_X\_\_\_ Objected to

**Defendants' Objection**: