UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT LEE STINSON,

    Plaintiff,

    v.                                                Case No. 2:09-cv-1033-PP

JAMES GAUGER, et al.,

    Defendants.

**PLAINTIFF'S PRE-TRIAL BRIEF EXPLAINING HIS OBJECTIONS TO CERTAIN PROPOSED JURY INSTRUCTIONS DEFENDANTS PROPOSED AND IN SUPPORT OF PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

_____

### 1. Plaintiff's Objection to Defendants' Proposed Instruction 1.19: Adverse Inference From Missing Witness

Plaintiff objects to Instruction 1.19 because this instruction is completely irrelevant to the trial at hand. As the Committee comments illustrate, "This instruction should be given only if there is evidence from which the jury could find (1) that the missing witness was physically available only to the party against whom the inference would be drawn, or (2) that the missing witness has a relationship with that party that practically renders the testimony unavailable to that party's adversary." *Oxman v. WLS-TV*, 12 F.3d 652, 661 (7th Cir. 1993); *Chicago Coll. of Osteopathic Med. v. George A. Fuller Co.*, 719 F.2d 1335, 1353 (7th Cir. 1983); *see also Fey v. Walston & Co.*, 493 F.2d 1036, 1053 (7th Cir. 1974) (where missing witness was beyond subpoena power of defendants and there was evidence both that missing witness was available to adverse party and that missing witness's testimony could have thrown

1

significant light on crucial question in case, it was error to instruct that jury may infer missing witness's testimony would be merely "of no aid" rather than "adverse" to non-producing party's case). Here, there are no missing witnesses exist that are physically available and under Plaintiff's control that would entitle Defendants to this type of instruction.

Plaintiff respectfully requests that the Court do not include Defendants' Proposed Instruction 1.19.

## 2. Plaintiff's Objection to Defendants' Proposed Instruction 1.31: No Need to Consider Damages

Plaintiff objects because Defendants' instruction is unfairly one-sided. Plaintiff Proposed Instruction No. 10 advises the jury of the possibility of finding for the Plaintiff and/or the Defendants. This is a more equitable instruction that provides the same substantive instruction to the jury.

## 3. Plaintiff's Objection To Defendants' Proposed 1.32-1.34

Plaintiff has proffered a combined instruction for 1.32-1.34 that combines all three into one instruction. Plaintiff does not have substantive differences or disagreements with these three Pattern instructions.[1]

## 4. Plaintiff's Objection to Defendants' Proposed Instruction 7.01: Milwaukee Not a Party

Ignoring this Court's summary judgment opinion, Defendants propose jury instruction 7.01 in an effort to inform the jury that the City of Milwaukee is not a party to

---

[1] Plaintiff does not oppose the Defendants' Proposed 2.02 – In Trial Instruction on News Coverage.

this lawsuit.[2] As is discussed below, Defendants' request is contrary to the claims and parties before this Court at trial. It should be rejected.

An indemnification claim has remained pending against Defendant City of Milwaukee since the inception of Plaintiff's lawsuit in 2009. *See* Dckt. No. 1. Indeed, Plaintiff's indemnification claim against the City of Milwaukee has remained intact through each amended complaint. *See* Dckt. Nos. 7 and 51. After years of discovery and intense briefing, this Court made clear in its' summary judgment opinion that "[t]he City may remain involved in this case because of indemnity issues." *See* Dckt. No. 129 at 2. Through multiple failed appeals, nothing has changed. At trial, the City of Milwaukee will be a Defendant. Ignoring this, Defendant City of Milwaukee seeks an instruction informing the jury that they are, in fact, not a party to this case and begging for an instruction to avoid juror confusion. Since their position is simply not true, their proposed jury instruction should be rejected.

5. **Plaintiff's Objection to Defendants' Proposed Instruction 7.02: Personal Involvement**

As the Comments make clear, Pattern Instruction 7.02 "risk[s] misleading the jury" because "[t]here are situations in which it does not apply or may be inaccurate, for example, cases involving claims of failure to intervene . . . [or] conspiracy . . . ." Cmtee Comments to Pattern Instruction 7.02. Because there are both claims of failure to intervene and conspiracy in this case, Plaintiff objects to the Pattern Instruction 7.02 being given because it will confuse and mislead the jury given its inapplicability to two of the federal claims.

---

[2] Defendants also seek an instruction informing the jury that the Milwaukee Police Department is not a party. While Plaintiff concedes that the Milwaukee Police Department has never been a party to this lawsuit, no rationale reason exists to inform the jury of this fact. Indeed, to do so, would only itself cause juror confusion.

## 6. Plaintiff's Objection to Defendant's Proposed Instruction on Fabrication Defendants' Instruction 7.14 (Modified)

Notwithstanding the fact that Plaintiff's proposed due process instruction, which includes his instruction on fabrication, tracks the language in the Seventh Circuit pattern instruction 7.14, the Defendants are objecting to it. According to the Defendants, the jury should be instructed not that the Defendants can be liable for fabricating "evidence," but instead for fabricating "opinions." This modification should not be permitted. Indeed, it is an effort by Defendants Johnson and Rawson to improperly recast their role in the investigation into the murder of Ione Cychosz as just providing "opinions."[3]

But the Defendants did more than just provide "opinions," –they issued reports, created physical evidence, and communicated their results to the prosecutor. That is evidence—opinion or otherwise. *See United States v. Duarte*, 950 F.2d 1255, 1259 (7th Cir. 1991) ("Second, Hehr's interpretation of the drug notes, coupled with the testimony of the handwriting expert, is evidence that Duarte recorded actual cocaine transactions, affirmatively tying him to the cocaine trade."); *see also Jones v. City of Chicago*, 856 F.2d 985, 993 (7th Cir. 1988) (crime lab analyst liable for allegedly falsifying her lab report related that excluded exculpatory information); *Keko v. Hingle*, 318 F.3d 639, 644 (5th Cir. 2003) (denying forensic odontologist immunity for allegedly falsifying testimony and report of bite mark evidence used to support wrongful conviction); *Moldowan v. City of Warren*, 578 F.3d 351, 397 (6th Cir. 2009) (forensic odontologist can be liable for fabricating bite mark report

---

[3] This attempt to suggest that all that the Defendants did was provide "opinions" plays into the Defendants' attempt to defend this case by suggesting that bite mark opinions—because they are simply opinions—can never be fabricated. Indeed, the Defendants have proposed expert testimony by forensic odontologist Dr. Howard Levine, which says exactly that, and which is the subject of one of Plaintiff's *Daubert* motion. Dckt Nos. 191 & 209.

explaining that [i]n *Gregory [v. City of Louisville*, 444 F.3d 725 (6th Cir. 2006)], we reasoned that expert forensic examiners "act in an investigatory fashion when they interpret and document physical evidence," and thus we determined that "the intentional fabrication of a forensic report" is subject to the same considerations applied to the intentional fabrication of evidence by a police officer or prosecutor). Indeed, Defendant Rawson's and Johnson's determination that Plaintiff made the bites on the victim Ione Cychosz was the only "evidence" in Plaintiff's criminal case that pointed to his guilt.

As a result, the correct instruction, which this Court should give is the one that is proposed by Plaintiff and that tracks the language in the Seventh Circuit pattern instruction. That instruction makes clear that what is fabricated is "evidence," which is then used against Plaintiff in his criminal proceedings, denying him a right to a fair trial.

### 7. Plaintiff's Position in Support of Plaintiff's Proposed Federal Malicious Prosecution Claim

Plaintiff has proposed a jury instruction for his malicious prosecution claims, which includes both a state and federal malicious prosecution claim. *See* Plaintiff's Proposed Jury Instruction No. 8. The Defendants have indicated that they will object to this instruction on two grounds: (1) that Plaintiff never pled such a claim; and (2) that it is redundant. Neither of these reasons warrants jettisoning Plaintiff's claim and attendant instruction.

As to the Defendants' first objection, it is axiomatic that in this Circuit, plaintiffs plead facts—not legal theories. *See Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir. 1992) ("Although it is common to draft complaints with multiple counts, each of which specifies a single statute or legal rule, nothing in the Rules of Civil Procedure requires this. To the contrary, the rules discourage it."); *id.* ("[T]he complaint need not identify a legal

5

theory, and specifying an incorrect theory is not fatal."). On that score, there can be no legitimate dispute that Plaintiff properly pled facts to suggest malicious prosecution; indeed, he lodged a state malicious prosecution claim in his Complaint, which survived summary judgment. Dckt No. 51, Second Amended Complaint ("2AC") ¶¶ 109-114; *Stinson v. City of Milwaukee*, 09-C-1033, 2013 WL 5447916, at *14 (E.D. Wis. Sept. 30, 2013), at *21-22. The elements of a state and federal malicious prosecution claim are the same. *See Julian v. Hanna*, 732 F.3d 842, 846 (7th Cir. 2013) (elements of the malicious prosecution claim are the same whether brought under the Fourth or Fourteenth Amendment); *Krieg v. Dayton-Hudson Corp.*, 311 N.W.2d 641, 643-44 (Wis. 1981) (stating elements under Wisconsin law).

In particular, Plaintiff alleged that the Defendants had no legitimate evidence to suggest that he had anything to do with the murder of Ione Cychosz. To the contrary, the Defendants targeted Plaintiff "in retaliation for his refusal to implicate himself and others in a previous murder case." Dckt No. 51, Second Amended Complaint ("2AC") ¶ 18; *see also id.* ¶ 22 ("The Defendant Officers used this opportunity to take revenge on Mr. Stinson for his statements exonerating the Johnson suspects, and for his refusal to implicate himself and his friends in the Johnson murder . . . ."). To do so, the Defendants "manipulated the evidence so that the bitemark evidence appeared to correlate with Mr. Stinson's dentition" when it did not. *Id.* ¶ 25; *see also id.* ¶ 23. This was done "maliciously," "resulting in injury" and all proceedings were "terminated in Plaintiff's favor" when the DNA and an updated bite mark analysis exonerated him. *Id.* ¶¶28-38, 110.

Because Plaintiff pled a state malicious prosecution claim, Defendants cannot argue that they did not have notice of Plaintiff's intent to pursue this type of claim. Not only was

6

the state law claim one of the subjects of the Defendants' unsuccessful motion for summary judgment, but also, during the appellate proceedings, Plaintiff expressly argued that he had a federal malicious prosecution claim supported by the summary judgment record. *See Stinson*, 2013 WL 5447916, at *21-22.

Indeed, *Julian* held that a federal claim for malicious prosecution is actionable where "the state fails to provide an adequate alternative . . . ." *Julian*, 732 F.3d at 845. *Julian* further explained that the amount of damages under state tort law is the key to a determination of adequacy. *Julian*, 732 F.3d at 848; *see also id.* at 846-47 (damages must provide fair compensation for the deprivation at issue); *see also Parratt v. Taylor*, 451 U.S. 527, 544 (1981) (holding that an adequate post-deprivation tort remedy must have the potential to "fully compensate[] the [plaintiff] for the . . . loss he suffered."); *Belcher v. Norton*, 497 F.3d 742 (7th Cir. 2007) (state must provide a "meaningful avenue to seek redress for the deprivation that [the plaintiffs] claim to have suffered"). Here, Plaintiff was wrongfully convicted of murder and spent 23 years in prison. The Wisconsin tort of malicious prosecution caps any recovery that he may get for those 23 years at $50,000. *See* Wis. Gen. Stat. § 893.80(3).[4] That is woefully inadequate: It would leave him with only a little more than $2,000 per year of wrongful incarceration. The Seventh Circuit already determined in *Parish v. City of Elkhart*, 702 F.3d 997, 999 (7th Cir. 2012) that $73,125 for 9 years of wrongful imprisonment (roughly $8,000 a year) of an innocent person is not adequate compensation. For that reason,

---

[4] Because Defendants Johnson and Rawson are likely to be found to be state actors, as this Court suggested on summary judgment, the Wisconsin damages cap likely protects them too. *Stinson v. City of Milwaukee*, 09-C-1033, 2013 WL 5447916, at *14 (E.D. Wis. Sept. 30, 2013).

the Seventh Circuit reversed the jury's damages award, finding that the award could only be reasonable if jury believed that the plaintiff was guilty. *See also Fox v. Hayes*, 600 F.3d 819, 846 (7th Cir. 2010) (reducing compensatory damages to $2.2 million from $3.9 million for a man wrongfully detained on murder charges for eight months). The same conclusion obtains here, where the amount per year is four times less than in *Parish*.

The Defendants' second objection fares no better. According to the Defendants, the claim is redundant with Plaintiff's other due process or state law claims. But the elements of federal malicious prosecution differ from Plaintiff's fabrication and *Brady* claim; a jury could certainly find one but not the other. For example, malicious prosecution requires the absence of probable cause, but it does not require that evidence be withheld from the prosecution. Additionally, although the elements of a state and federal malicious prosecution are overlapping, the federal claim is not limited to a $50,000 damages cap.

Given the foregoing, Plaintiff is submitting a federal malicious prosecution jury instruction.

### 8. Plaintiff's Position in Support of His Modification of the State Malicious Prosecution Instruction

Plaintiff has proposed the insertion of two additional sentences on the legal definition of malice to the Wisconsin Civil Pattern Instruction No. 2600 based on the comments and case law to explain to the jury that malice does not have to be directly established and can be demonstrated by proof of willful or wanton disregard for the facts or law if such disregard demonstrates a hostile or vindictive motive. And, that a lack of probable cause to initiate a criminal proceeding may also demonstrate malice. These additional sentences are supported by the comments to the instruction and case law. *See, e.g.*, Comments to Wis. Civil Pattern

Instruction No. 2600; *Elmer v. Chicago & N.W. Ry. Co.*, 257 Wis. 228, 232, 43 N.W.2d 244, 246 (1950); *Meyer v. Ewald*, 66 Wis.2d 168, 224 N.W.2d 419 (1974).

### 9. Plaintiff's Position In Support of Plaintiff's Illegal Detention Claim

Plaintiff has proposed an instruction for his unlawful detention under *Manuel v. City of Joliet*, 137 S. Ct. 911 (2017). *See* Plaintiff's Proposed Jury Instruction No. 4. The Defendants have objected to this instruction because, according to them, (a) Plaintiff did not plead it in his Complaint and (2) it is redundant.

It is certainly fair to say that when Plaintiff filed his lawsuit in 2009 he did not plead as a basis for liability the *Manuel* case that was decided eight years later. But that is irrelevant for three reasons: First, plaintiffs plead facts not legal claims. *See Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir. 1992) ("Although it is common to draft complaints with multiple counts, each of which specifies a single statute or legal rule, nothing in the Rules of Civil Procedure requires this. To the contrary, the rules discourage it."); *id.* ("[T]he complaint need not identify a legal theory, and specifying an incorrect theory is not fatal."). Here, Plaintiff has certainly pled facts that support a wrongful detention claim. He has alleged that the Defendants manufactured the only evidence used to secure his prosecution and conviction—fabricated bite mark evidence. Dckt No. 51, Second Amended Complaint ("2AC") ¶¶ 18, 23, 25, 28. In short, that he suffered a detention without probable cause.

Second, because Plaintiff has pled the necessary facts for this claim—and even raised a different, but related claim of malicious prosecution in his Complaint—there is no prejudice to the Defendants. They have been on notice that Plaintiff is alleging he was prosecuted without probable cause since the inception of this case.

9

Third, although the legal basis for liability was not decided by the Supreme Court until 2017, in this Circuit, "when the question is whether to grant immunity to a public employee, the focus is on his conduct, not on whether that conduct gave rise to a tort in a particular case." *Fields v. Wharrie*, 740 F.3d 1107, 1114 (7th Cir. 2014). There is no legitimate dispute that in 1984, it was clearly established that it was unlawful to detain someone without probable cause or that fabricating evidence to manufacture that probable cause violated a person's constitutional rights. *See Jones v. City of Chicago*, 856 F.2d 985 (7th Cir.1988); *Stinson v. City of Milwaukee*, 09-C-1033, 2013 WL 5447916, at *19.

Finally, with regard to the Defendants' argument that the *Manuel* claim is redundant, that is not compelling. Plaintiff can have multiple theories that provide him with the same relief. Moreover, it is possible that a jury could find that Plaintiff's rights to be free from unlawful detention were violated but that the Defendants did not withhold *Brady* evidence.

### 10. Plaintiff's Position In Support of Plaintiff's Proposed Failure to Intervene Claim

Plaintiff's Proposed Instruction No. 5 for his failure to intervene claim that he filed with the Pre-Trial Report excluded the last two paragraphs of the pattern instruction:

> If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.
> If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

Plaintiff is now revising his proposed instruction to include these two paragraphs and so he is proposing the pattern instruction, which should not be in dispute and should be adopted.

## 11. Plaintiff's Position In Support of His Compensatory Damages Instruction

Plaintiff has proposed a modified version of the Compensatory Damages Pattern Instruction No. 7.26 to include an explanation of categories of damages that fit the facts of this case. Specifically, Plaintiff's instruction includes insertion of paragraph no. 2 as a type of compensatory damages to match the facts of this wrongful conviction case:

You should consider the following types of compensatory damages:

1. The physical, mental, or emotional pain and suffering that the plaintiff has experienced in the past and is reasonably certain to experience in the future.

2. The loss of normal life that the plaintiff has suffered in the past and is reasonably certain to experience in the future.

*See* Plaintiff's Proposed Jury Instruction No. 10. Given that Mr. Stinson was deprives his liberty for 23 years during his wrongful imprisonment, the addition of paragraph 2 is reasonable and warranted to help explain to the jury what injury/damages a compensatory award should redress.[5]

RESPECTFULLY SUBMITTED,

/s/ Gayle Horn
*One of Plaintiff's Attorneys*

---

[5] Plaintiff has proposed a non-pattern instruction for his claim that Defendants entered an Agreement to Violate his Rights. *See* Plaintiff's Proposed Jury Instruction No. 6. Defendants have not communicated their objection to it nor have the proffered counter. Therefore, Plaintiff reserves his rights to respond to any objections if Defendants assert them.

Arthur Loevy
Jon Loevy
Michael Kanovitz
Gayle Horn
Heather Lewis Donnell
Elliot Slosar
LOEVY & LOEVY
311 N. Aberdeen St., 3rd FL
Chicago, Illinois 60607
(312) 243-5900

## CERTIFICATE OF SERVICE

I, Gayle Horn, an attorney, certify that on February 1, 2019, I filed with the Court's CM/ECF system the foregoing Plaintiff's Pre-Trial Brief In Opposition to Certain of Defendants' Proposed Jury Instructions and In Support of Plaintiff's Proposed Jury Instructions.

/s/ Gayle Horn
*One of Plaintiff's Attorneys*