UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT LEE STINSON,

       Plaintiff,

                                    Case No. 09-cv-1033-pp

   v.

CITY OF MILWAUKEE, JAMES GAUGER,
DR. LOWELL T. JOHNSON, and
RAYMOND D. RAWSON,

       Defendants.

**ORDER REMOVING FEBRUARY 25, 2019 TRIAL FROM HEARING
CALENDAR AND SETTING ADJOURNED TRIAL DATE FOR JUNE 17, 2019**

On June 28, 2018, the court scheduled a final pretrial conference for February 7, 2019 and a jury trial, which the parties estimated would last five days, for February 25, 2019. Dkt. No. 163. Since then, the parties have filed four Daubert motions (each containing several sub-motions) and sixteen motions *in limine* (some containing sub-motions). More to the point, on January 31, 2019, the parties filed their joint pretrial report. Dkt. No. 265. The report indicated that although the court had scheduled the trial for five days, the plaintiff now anticipated that it would take seven days to try. (The defendants believed they could try the case in the five days originally predicted.) Id. at 7.

The final pretrial conference on February 7, 2019 was taken up exclusively with oral argument on the parties' Daubert motions. The court ruled on some of the motions at the hearing but took several others under advisement. At the end of the hearing, the court noted that the plaintiff now

was asking for seven trial days, and expressed its view (given that the afternoon's hearing had taken four hours) that even seven days might be optimistic. The court explained, however, that it could not give the parties seven or eight contiguous trial days if the trial were to take place on February 25. The court had, in the months since it had scheduled the trial, scheduled other matters for the week of March 4 (the following week).

The parties asked the court if it could give them dates when it did have seven or eight contiguous trial days. The court responded that it could not determine dates at that time—it would need to review the calendar off the bench to answer that question. It shared with the parties its usual trial schedule. The parties told the court that they had agreed that defendant Johnson would provide his testimony via video from his residence (given his physical circumstances); counsel for defendant Johnson indicated that the parties had arranged for Johnson to testify either February 14-15 or February 18-19, 2019. All parties told the court that they would prefer to have the court's rulings on the <u>Daubert</u> motions prior to taking Johnson's testimony. Counsel for defendant Gauger informed the court that if the court adjourned the trial for more than a short time, his client also might have to testify via video.

In the four days since the final pretrial conference, the court has been reviewing its calendar to determine where it has openings sufficient to fit a trial of this length, and what hearings or trials the court can move to accommodate this admittedly old case. The court also has been trying to complete rulings on all <u>Daubert</u> motions, so the parties can have those rulings prior to taking Johnson's testimony.

Today, the parties contacted chambers (with all parties on the line), and gave the court's staff some dates that would work for an adjourned trial, in the event that the court concluded that the five days allotted the week of February 25, 2019 would not be sufficient. One set of dates was June 17, 2019 through the following week of June 21, 2019.

Even if the court's rulings on the <u>Daubert</u> motions (which the court still intends to get to the parties in time for them to take defendant Johnson's testimony as scheduled) narrow the testimony somewhat, the court thinks it unlikely that the parties can complete this trial in five days. The court is going to remove the February 25, 2019 trial from the calendar. The court has reviewed the alternate dates the parties provided, and it can accommodate them the weeks of June 17 and June 21, 2019. The court will adjourn the trial until that time. Once the court has completed its rulings on the motions, it will contact the parties to schedule a date for another final pretrial conference (at which the court hopes to talk with the parties about witnesses, courtroom technology, *voir dire*, housekeeping and other matters related to the trial).

The court **ORDERS** that the trial date scheduled for February 25, 2019 is **REMOVED** from the hearing calendar. The court **ORDERS** that the trial is scheduled for **June 17, 2019 at 8:30 a.m.**; the court anticipates that the trial will last seven to eight business days.

Dated in Milwaukee, Wisconsin this 11th day of February, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**