UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ROBERT LEE STINSON,

        Plaintiff,

v.                                         Case No. 09-cv-1033-pp

CITY OF MILWAUKEE, JAMES GAUGER,
DR. LOWELL T. JOHNSON,
and DR. RAYMOND D. RAWSON,

        Defendants.

---

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO ENFORCE TRIAL SUBPOENA (DKT. NO. 296) AND REQUIRING DEFENDANT CITY OF MILWAUKEE TO PROVIDE NAME OF INDIVIDUAL AUTHORIZED TO ACCEPT SERVICE OF SUBPOENA ON ITS BEHALF**

---

**I.    BACKGROUND**

On February 5, 2019, the plaintiff filed a motion—styled as a motion *in limine*—asking the court to compel defendant City of Milwaukee to "make available the original molds and overlays that were used by certain Defendants to manufacture the fabricated evidence used in the underlying criminal investigation." Dkt. No. 273 at 2. The motion explained that although the evidence was relevant to the issues scheduled for trial, the City had refused to comply with the defendant's request that it bring the original bite mark evidence to the trial. Id. The City did not respond to that motion.

On May 1, 2019, the court held a hearing on the parties' pending motions *in limine*. During the hearing, the court asked the defendants why they

1

had not responded to the motion. The City did not give a reason, but counsel for the City opined that a motion to compel was a discovery motion, and should have been made before the deadline for completing discovery. He also remarked that he would have expected the plaintiff to serve the City with subpoena, rather than filing a motion to compel; "assuming we don't have an agreement, they can subpoena us I suppose." Dkt. No. 279 at 1:45:05. The court denied the plaintiff's motion without prejudice, opining that the evidence was relevant and expressing the hope that the parties could reach agreement without further court intervention.

On May 9, 2019, the parties called chambers and asked the court to schedule a telephone hearing to discuss the issue the plaintiff had raised in the motion. The court's staff scheduled a hearing for the next afternoon. At 11:00 p.m. on the night of May 9, 2019, the plaintiff filed a Motion to Enforce Plaintiff's Trial Subpoena for Original Bitemark Evidence. Dkt. No. 296. The motion explained that the plaintiff had served a subpoena on May 8, 2019. That subpoena was addressed to "City of Milwaukee, c/o Jan Smokowicz, Deputy City Attorney." Dkt. No. 296-1. The subpoena instructed the City to bring "[b]oxes located at the Milwaukee Police Department, 2620 W. Wisconsin Ave., Milwaukee WI in references to Case No. M1752. Box Nos. are as follows: 691, 692, 2722, and (1) unmarked box." Id. The second page of the subpoena stated that the plaintiff served Attorney Smokowicz via e-mail on May 8, 2019. Id. at 2.

At the May 10 hearing, Attorney Smokowicz asked for a chance to respond to the plaintiff's motion in writing. The court agreed to the request, requiring counsel to file the motion by the end of the day on May 13. Dkt. No. 298. The court noted that it already had expressed its view that the original bite mark evidence was relevant, and had expressed a hope that the parties could work out an agreement for the City to provide the evidence. The court indicated that it was perplexed regarding why the City was resisting the request. Id.

The day before its due date, Attorney Smokowicz filed the City's response to the plaintiff's motion. Dkt. No. 299. The response asserts that the subpoena was directed to the wrong person: "undersigned counsel is not the correct person to be served in some representative capacity in order to compel the city to bring any dental materials to trial." Id. at 2. The City asserts that service on Attorney Smokowicz was "a nullity." Id. at 5. The response asserts that if the court enforced the subpoena as issued, Attorney Smokowicz could become a witness who could be called to testify about the custody, control, conditions and whereabouts of the materials falling within the scope of the subpoena *duces tecum*. Id. at 3. The response also asserts that the plaintiff will need to call up to three additional witnesses to lay the appropriate foundation for admission of the evidence, and that the court's order barring any party from calling a witness who has not been designated in the final pretrial report means that the plaintiff can't now identify and call such witnesses.

3

The City also argues that the plaintiff should have made a motion to compel production of this evidence during the discovery phase. Id. at 6. It quotes a case from the Southern District of Florida, Dear v. Q Club Hotel, Case No. 2017 WL 5665357, at *2 (S.D. Fla. May 18, 2017) for the proposition that a Rule 45 trial subpoena cannot be substituted for an untimely Rule 34 document request. The City asserts that the plaintiff is now trying to do something he should have done "years ago—requesting that Dr. Johnson use the materials in what amounts to an experiment to see if he can demonstrate that the molds or images of Mr. Stinson's teeth correspond to the molds or images of the bites on Ms. Cychosz' body." Id. It argues that back in 2011, when Johnson was deposed, "plaintiff's counsel surely could have arranged either by agreement with the state or through a separate discovery subpoena" for the original evidence to be taken to Johnson's deposition. Id. at 7. The City argues that because the plaintiff did not make those arrangements in 2011, "plaintiff's counsel has now created the prospect of an extended and inefficient use of time in trial in an effort to demonstrate to the jury whether Dr. Johnson can reproduce a correspondence between dentition evidence and evidence of bitemarks on the victim's body." Id. The defendant argues that because the plaintiff is now contending (in a separate motion) that some of the original evidence is missing, "the Court will confront unnecessary argument about the admissibility of the materials in their present condition and the ability or inability of Dr. Johnson to reproduce a correspondence between dentition and

4

bitemarks." Id. This, the City argues, is an effort by the plaintiff "to circumvent the deadline for discovery." Id. at 8.

## II. ANALYSIS

As long ago as February of this year, the plaintiff asked the court to order defendant City of Milwaukee to bring the original physical evidence from the plaintiff's 1985 criminal trial to the June 2019 civil rights trial. For still-unknown reasons, the City has yet to agree to do so. It implied at the May 1 hearing that it would comply with a subpoena, so the plaintiff issued a trial subpoena to the City. The plaintiff now asks the court to enforce that subpoena. Dkt. No. 296.

The procedural posture is somewhat bizarre. The City has not filed a motion to quash the subpoena. Instead, counsel for the City has told plaintiff's counsel that he will not produce the evidence at trial, and has told this court that he's not the right person to accept service and that the subpoena is an attempt to conduct post-discovery, eve-of-trial discovery. The City technically is correct on the first issue, but that problem is easily remedied, as the court will explain at the end of this order. The court disagrees with the City's second argument.

In support of its motion, the plaintiff submitted a portion of the City's March 3, 2011 response to the plaintiff's Rule 34 requests for production. The request reads, in relevant part:

> Request No. 15: All physical evidence relating to any of the allegations in Robert Lee Stinson's complaint or the Defendants' defenses thereto.

5

> Response No. 15: To the extent that such materials exist, they were marked as items of evidence at the criminal prosecution of Robert Lee Stinson, and are available for non-destructive examination at the offices of the Milwaukee Police Department.

Dkt. No. 296-3 at 5. The plaintiff *did* timely request the original evidence from the criminal trial during discovery. The City responded that the evidence was "available for examination." The City's response was appropriate—the plaintiff could not expect the City to turn over to him original, physical (as opposed to documentary) evidence from a criminal trial, with a polite request that he return it when he was finished with it. He was entitled to view it, or to obtain copies of it, for the purposes of discovery. But if he wants to use it at trial—and he does—he must rely on the City to provide it, because the City has custody of the evidence.

The City argues that the plaintiff wants the original, physical evidence in the courtroom at trial so that he can ask Johnson to try to replicate for the jury the results he claims to have achieved in 1985, or so that the plaintiff can somehow demonstrate that either Johnson or Dr. Rawson or both could not have achieved the results they claimed to have achieved using that evidence. The City asserts that the plaintiff should have done this when it took Johnson's deposition in 2011, and that because the plaintiff did not do it then, the court should not allow the plaintiff to do it now. The court is not aware of any law supporting the City's implied argument—that a party cannot ask a witness to demonstrate something at trial that it did not ask the witness to demonstrate at his deposition.

6

The City also asserts that to lay the foundation for the admission of the original evidence at the June 2019 trial, the plaintiff will need to call at least one, and maybe as many as three, evidence custodians (because the evidence appears to have traveled to different locations since being inventoried in 1985). The City argues that because the plaintiff did not name such custodial witnesses in the pretrial report, the court's ruling on May 1, 2019 that no party could call a witness not named in that report bars the plaintiff from naming such witnesses now. This argument is irrelevant to the question of whether the court should require the City to bring the original evidence for trial. Whether the plaintiff's witnesses will be able to lay the appropriate foundation is a question of admissibility *at* trial. It has nothing to do with whether the party having exclusive control over the evidence should make that evidence available by bringing it *to* trial. The defendant has not claimed that producing the evidence would constitute an undue burden. Nor has the defendant claimed that the original evidence is privileged. To the extent that the defendant argues that it no longer has possession of some of the evidence the plaintiff has requested, that will be resolved through the plaintiff's separate motion. See Dkt. No. 297.

That brings the court to the defendant's argument that a party cannot serve a subpoena *duces tecum* on a party's lawyer without running the risk that the lawyer could end up being called as a witness. The court agrees that the plaintiff should not have addressed the subpoena to the City's lawyer. But there is someone at the City of Milwaukee who is appointed or authorized by

7

law to accept service of a subpoena on behalf of the City. The City's lawyer should know the identity of that someone and can provide it to the plaintiff's lawyers.

The court will deny without prejudice the motion to enforce the subpoena issued May 8, 2019 and addressed to the City of Milwaukee, c/o Jan Smokiwicz. At the May 21, 2019 status conference, however, if the City has not agreed to produce the original bite mark evidence from the 1985 criminal trial at the June 2019 civil rights trial, the court will order counsel for the City to provide the name of someone who is competent to accept service of the plaintiff's trial subpoena. The court will allow the plaintiff to re-issue a trial subpoena to that person.

### III. CONCLUSION

The court **DENIES WITHOUT PREJUDICE** the motion to enforce the May 8, 2019 trial subpoena addressed to City of Milwaukee, c/o Jan Smokowicz. Dkt. No. 296. The court **ORDERS** that if, by the May 21, 2019 status conference, the City of Milwaukee has not agreed to produce the original bite mark evidence for the June 2019 trial, the City shall provide the plaintiff with the name of a person appointed or authorized by law to accept service of a trial subpoena on behalf of the City.

Dated in Milwaukee, Wisconsin this 14th day of May, 2019.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**