UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes

| | |
|---|---|
| DATE: | June 3, 2019 |
| JUDGE: | Pamela Pepper |
| CASE NO: | 2009-cv-1033 |
| CASE NAME: | Robert Lee Stinson v. City of Milwaukee, *et al.* |
| NATURE OF HEARING: | Status conference |
| APPEARANCES: | Heather Lewis Donnell – Attorney for the plaintiff |
| | Gayle Horn – Attorney for the plaintiff |
| | Jason Franckowiak – Attorney for Dr. Johnson |
| | Ellison Hitt – Attorney for Dr. Rawson |
| | Jan Smokowicz – Attorney for the City of Milwaukee and James Gauger |
| COURTROOM DEPUTY: | Kristine Wrobel |
| TIME: | 1:38 p.m. – 1:52 p.m. |

**AUDIO OF THIS HEARING AT DKT. NO. 312**

The court had scheduled this hearing because the parties contacted chambers, indicating that an issue had arisen while they were taking defendant Johnson's trial testimony.

Counsel for the plaintiff indicated that Dr. Johnson had brought with him to the trial testimony location a large manila folder, containing the (previously-believed-to-be-missing) overlays. Counsel explained, however, that the overlays had been "changed" or "modified"—they now included additional transparencies that had not been attached in 1984-85. Counsel was circling back around to the court, asking to conduct a short (fifteen- to twenty-minute) discovery deposition of Dr. Johnson to ask whether he knew when those additional overlays had been added, or who had added them.

Counsel for Dr. Johnson confirmed the description of the new transparencies, but stated that he could not say for sure where they'd come from or when they'd been added. He speculated that possibly the experts with the Innocence Project had added the new transparencies, noting that they included the American Board of Forensic Odontology ruler that had not been invented in 1984-85. Counsel had thought it best to discuss the proposed discovery deposition with the court, not because he objected to the plaintiff asking a few questions about the transparencies, but because he did not want it to morph into a full-blown deposition. Counsel expressed concern that the parties had been taking Dr. Johnson's testimony all day, that the plaintiff wasn't finished with his adverse exam and that defense counsel might not have an opportunity to complete their direct examinations of Dr. Johnson if the discovery deposition took too long. He asked that the plaintiff pause his adverse examination, and allow counsel for Dr. Johnson to begin his direct examination first thing in the morning.

1

Counsel for Dr. Rawson, the City of Milwaukee and James Gauger did not have a position on the deposition request.

Counsel for the plaintiff objected to interrupting the plaintiff's adverse exam for Dr. Johnson's direct. She estimated that she had three to four more hours of adverse testimony, explaining that the testimony was taking longer than one might anticipate because of Dr. Johnson's advanced age and hearing problems. Counsel stated that if the parties did not get through all the examinations by the end of the day tomorrow (Tuesday), they could continue on Wednesday. Counsel for Dr. Johnson expressed concern that the room was reserved only through the end of the day on Tuesday, and that the final pretrial conference was scheduled for 1:30 p.m. on Wednesday.

The court granted the plaintiff's request to conduct a brief discovery deposition of Dr. Johnson that would last no longer than thirty minutes. If the deposition lasts longer than thirty minutes, the parties may contact the court for guidance. The court indicated that it would be willing to push back the final pretrial conference time, but strongly encouraged the parties to work out other timing issues (such as whether to interrupt one party's examination for another's, and when to conduct the thirty-minute-or-less discovery deposition) on their own.