.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT STINSON**,**

    Plaintiff,

  v.                                     Case No. 2:09-cv-0133-PP

CITY OF MILWAUKEE, et al.,         JURY TRIAL DEMANDED

    Defendants.

## PLAINTIFF'S PROPOSED AMENDED
## PRE-TRIAL REPORT

_____

Plaintiff is submitting the following proposed amended pre-trial report. Plaintiff's counsel sent drafts of this submission to Defendants beginning last Thursday but did not receive anything in response until today. Plaintiff's counsel waited until 11p.m. to receive word back from counsel for Defendants regarding the submission but did not receive authorization to affix their signatures to this filing or the final version of Defendants' proposed summary of claims that they wish to file. Please note Plaintiff sent a draft summary of claims to Defendants last Thursday. We received Defendants' proposed edits back at 5:15p.m. today and no response to Plaintiff's proposed edits to their version. Plaintiff regrets that this is not a joint filing but is hopeful the parties can work together to resolve any outstanding issues that they are able to.

1. **Summary of Claims**

The parties were not able to agree on a summary of claims.

**Plaintiff's Proposed Summary:**

Plaintiff Robert Lee Stinson is a life-long resident of the City of Milwaukee. Mr. Stinson spent 23 years imprisoned for the murder of Ione Cychosz that he did not commit. In 2009, DNA evidence exonerated Mr. Stinson and a year later, the State of Wisconsin declared Mr. Stinson innocent of the Cychosz homicide. Also in 2010, the DNA evidence obtained from the victim's clothing matched the real assailant, Moses Price, who subsequently confessed to and was convicted of Ms. Cychosz's murder.

2

Mr. Stinson alleges that Defendants Gauger, Johnson and Rawson conspired to fabricate false bite mark evidence and withheld exculpatory and impeachment evidence all of which violated Mr. Stinson's constitutional right to a fair trial. Mr. Stinson has also alleged that the Defendants detained him without probable cause, maliciously prosecuted him and inflicted emotional distress upon him.

Defendant James Gauger was a detective for the Milwaukee Police Department. Detective Gauger investigated the Cychosz murder. Dr. Johnson is a dentist and forensic odontologist. Dr. Johnson analyzed the bite mark evidence relating to the Cychosz homicide. Dr. Rawson is also a dentist and forensic odontologist, and he also analyzed the bite mark evidence in this case.

Defendants deny any wrongdoing.

**Defendants' Proposed Summary (Last provided at 5:15p.m. by counsel for Defendants:**

Plaintiff, Robert Lee Stinson, grew up in Milwaukee and has lived here a number of years. Mr. Stinson was convicted in 1985 of the homicide of Ione Cychosz. Evidence about bite marks on the victim and Mr. Stinson's dentition was presented by the prosecution. Stinson was incarcerated for 23 years because of bite mark evidence allegedly linking him to the murder. Stinson was later exonerated as a result of DNA testing techniques not in existence at the time of his conviction. The DNA testing linked the Cychosz homicide to a different individual, Moses Price, who later confessed and was convicted of the homicide in 2012.

The individual defendants in this case are James Gauger, Dr. Lowell Thomas Johnson, and Dr. Raymond Rawson. Mr. Gauger is a lifelong resident of the Milwaukee area and in 1984

and 1985 was a detective in the Milwaukee Police Department. At that time, Dr. Johnson was a dentist engaged in a private dental practice, a member of the faculty of the Marquette University School of Dentistry, and providing consulting service to the Milwaukee County Medical Examiner's office. Dr. Rawson was also a dentist in private practice in Nevada and an adjunct professor of biology at the University of Las Vegas.

Detective Gauger was involved in the investigation of the homicide while Drs. Johnson and Rawson analyzed the bite mark evidence and offered testimony about those marks and Mr. Stinson's dentition.

Mr. Stinson seeks to claim that the individual defendants violated his civil rights by conspiring to offer deliberately false bite mark opinions, thereby allegedly denying him a fair trial. Mr. Stinson also asserts claims under state law for malicious prosecution and intentional infliction of emotional distress.

The defendants deny all of these claims. Detective Gauger asserts that he acted properly in investigating the Cychosz homicide. Drs. Johnson and Rawson assert that they provided honest opinions that were consistent with the state of science and technology available to such dental experts in 1984 and 1985.

## 2. Statement of Issues[1] –

The issues for the jury to decide in this case include:

---

[1] Regrettably, the Parties were unable to reach an agreed Statement of Issues as well. Plaintiff attempted to confer with Defendants regarding their proposed Statement of Issues to include Plaintiff's *Brady* claims in light of the Court's summary judgment opinion, for example, doc. 129, but Defendants were also unwilling to include Plaintiff's *Brady* claim despite the Court's ruling. Instead, Defendants stated that they wanted their proposed Statement of Issues included in the Pre-Trial Report, which Plaintiff as done. Accordingly, Plaintiff has included Plaintiff's and Defendants' competing Statement of Issues. Defendants contest Plaintiff's description.

**Plaintiff's Proposed Statement of Issues**

    A. Did Defendants Gauger, Johnson and Rawson violate Mr. Stinson's due process right to a fair trial by suppressing material exculpatory or impeachment evidence?

    B. Did Defendants Gauger, Johnson and Rawson violate Mr. Stinson's due process right to a fair trial by fabricating evidence?

    C. Did Defendants Gauger, Johnson and Rawson violate Mr. Stinson's Fourth Amendment rights by detaining him without probable cause?

    D. Did Defendants Gauger, Johnson and Rawson fail to intervene to prevent Mr. Stinson's constitutional rights from being violated?

    E. Did Defendants Gauger, Johnson and Rawson enter into an agreement, which caused Mr. Stinson's constitutional rights to be violated?

    F. Did Defendants Gauger, Johnson and Rawson intentionally inflict emotional distress on Mr. Stinson?

    G. Did Defendants Gauger, Johnson and Rawson maliciously prosecute Mr. Stinson by initiating or continuing criminal proceedings, which lacked probable cause?

    H. If the jury finds in Mr. Stinson's favor on any one of his claims against any of the Defendants, what measure of damages should be awarded to compensate Mr. Stinson for Defendants' misconduct?

    I. If the jury finds in Mr. Stinson's favor on any one of his claims against any of the Defendants, did any of the Defendants' act with reckless disregard for his rights to support an award of punitive damages? If so, for each such Defendant, what amount of punitive damages should be awarded?

**Defendants' Proposed Statement of Issues:**

Did James Gauger violate Robert Stinson's civil rights by: 1) fabricating any reports; 2) fail to intervene to prevent misconduct by Dr. Johnson or Dr. Rawson; 3) conspire with Dr.

5

Johnson and/or Dr. Rawson to deprive Stinson of his civil rights; or, 4) commit any tort against Stinson under Wisconsin law?

Did Dr. Johnson and Dr. Rawson violate Robert Lee Stinson's civil rights by: 1) Deliberately fabricating false expert opinions in order to inculpate Stinson in the murder of Ione Cychosz?; 2) fail to intervene to prevent misconduct by one of the other defendants; 3) deliberately taking part in a conspiracy with Detective Gauger to submit deliberately falsified expert opinions in order to "frame" Mr. Stinson for the murder of Ione Cychosz?; or 4) commit any tort against Stinson under Wisconsin law?

3. **Anticipated Length of Trial**

The Court has previously set one week for the trial. Dckt. 163. Plaintiff anticipates this case will take eight trial days. The Defendants anticipate that the case will be tried within the time prescribed by the Court.

4. **Stipulations** – The Parties have agreed to the following factual stipulations in an effort to expedite the trial.

    a. On November 3, 1984, at approximately 6:30a.m., the body of Ione Cychosz was found by Mr. Henry Forester in an open yard area at the rear of 2650 N. 7th Street in the City of Milwaukee.
    b. Mr. Forester discovered her nude body just north of the rear of his residence at 2644A N. 7th Street.
    c. Ms. Cychosz lived three houses north at 2666A N. 7th Street of where her body was found at 2650 N. 7th Street.
    d. The evening before her murder, Ms. Cychosz had gone to play Bingo in Hammond, Indiana. She had traveled by bus there with several others, including an acquaintance, Ms. Gwenette McAdams.

6

e. Ms. McAdams drove Ms. Cychosz home from after the bus returned to Milwaukee and dropped her off at 7th Street and W. Center Street.

f. Ms. McAdams observed Ms. Cychosz walk around to the back of her residence but never saw her actually enter her home.

g. Among the physical evidence collected at the scene where Ms. Cychosz body was found included: a kitchen type knife, a razor, and a one-dollar bill.

h. On November 3, 1984, the Milwaukee County Medical Examiner, Elaine Samuels, conducted an autopsy and determined that Ms. Cychosz's cause of death was due to internal injuries caused by physical beating, including brain swelling and internal bleeding.

i. The Medical Examiner's office provided to the Milwaukee Police Department evidence from the victim, which the Milwaukee Police Department then submitted to the Wisconsin Crime Laboratory for forensic testing.

j. The physical evidence collected by the Medical Examiner, included articles of the victim's clothes, including a blue v-neck pullover that had blood stains and a blood-stained bra, as well as swabs to collect biological material like blood and semen.

k. On November 13, 1984, forensic analyst Charles A. Hannah from the Wisconsin Crime Laboratory issued a report that concluded that no latent finger prints could be obtained from the kitchen type knife, the razor or the dollar bill that were collected as evidence with the victim's body.

l. Thomas Jackelen died in 1989.

m. Moses Price pleaded guilty of the homicide of Ione Cychosz on June 19, 2012.

n. The parties have stipulated that Dr. Johnson's trial testimony for this case will be taken and recorded prior to the commencement of the trial, to be played to the jury at trial, in light of Dr. Johnson's advanced age and physical limitations consistent with the professional medical opinions provided by Dr. Johnson's primary treating physician.

The parties will work together to reach any stipulations regarding any documents.

5. **Witness Lists**

   a. Plaintiff's Witness List –

      i. Robert Lee Stinson
         Personal Care Worker for Disabled Child
         Milwaukee, Wisconsin

      ii. Daniel Blinka
          Professor of Law
          Milwaukee, Wisconsin

      iii. Nicole Casper
           Crime Lab DNA Analysts `
           Oconomowoc, Wisconsin

      iv. James Gauger
          Retired Detective

      v. Lowell T. Johnson, DDS – Due to medical condition, Dr. Johnson will need to have his trial testimony in advance of trial and will be appearing via video recording at trial.
         Retired Dentist
         Milwaukee, Wisconsin

      vi. Raymond Rawson, DDS
          Retired Dentist
          Las Vegas, Nevada

      vii. Derrick Arms
           Milwaukee, Wisconsin

      viii. Daniel J. Haase
            DNA Database administrator
            Nina, Wisconsin

      ix. Katherine Hein
          Detective
          Milwaukee, Wisconsin

      x. Gilbert Hernandez
         Detective

        Milwaukee, Wisconsin

  xi.  Norm Gahn
       Retired District Attorney
       Hartland, Wisconsin

  xii.  Byron Lichstein
       Lawyer
       Auburn, California

  xiii.  Darin Lloyd
       Milwaukee, Wisconsin

  xiv.  Robbie Lloyd
       Police Officer
       Milwaukee, Wisconsin

  xv.  Jody Lloyd (deceased and will appear by deposition designation)
       Las Vegas, Nevada

  xvi.  Susan V.S. Noll
       Forensic Analyst
       Milwaukee, Wisconsin

  xvii.  Moses Price
       inmate
       Racine, Wisconsin

  xviii.  Charlene Stinson
       Residential Support Specialist for Drug and Alcohol Rehabilitation Center
       Milwaukee, Wisconsin

  xix.  Marvin Stinson
       Human Resources
       Middleton, Wisconsin

  xx.  Marie Beth Varriale
       Retired Forensic Analyst
       Fitchburg, Wisconsin

xxi. David Cadle

xxii. Plaintiff's Experts -

1. **C. Michael Bowers, DDS** – Dr. Bowers is a dentist and forensic odontologist. Dr. Bowers obtained his Doctorate in Dental Science (DDS) from the University of Southern California in 1975. Dr. Bowers was trained in the field of forensic odontology in the mid-1980s. He has worked as a Deputy Medical Examiner with the Medical Examiner's Office of Ventura County. Dr. Bowers has taught in the field as well and is presently a clinical associate professor at the Ostrow School of Dentistry at the University of Southern California where he teaches courses in dental science and forensic odontology. Dr. Bowers has published extensively in the field of forensic odontology including in peer-reviewed publications as well as serving as the editor for the third edition of the MANUAL OF FORENSIC ODONTOLOGY published by the American Society of Forensic Odontology. Dr. Bowers is a member of the American Academy of Forensic Science. In 2001-2002, Dr. Bowers served as the Chair of the Credentialing Committee for the American Board of Forensic Odontology and he supervised 2002 ABFO Board Examination for the ABFO.

2. **Paula Brumit, DDS** – Dr. Brumit is a dentist and forensic odontologist. Dr. Brumit graduated with her DDS from Baylor College of Dentistry in 1984 and completed a fellowship in Forensic Odontology in 2000 from the University of Texas Science Center at San Antonio, TX. Dr. Brumit has worked in a wide range of dental, laboratory, educational, and government positions, including those at the FBI, DHHS, and Office of Chief Medical Examiner in New York City. Dr. Brumit has widely published on topics regarding Forensic Dentistry and is on the Editorial Board of the Journal of Forensic Odonto-Stomatology (JFOS). She is also on the Board of Trustees of the Forensic Sciences Foundation, is the Odontology Program Chair at the American Academy of Forensic Sciences and is the past president of the American Board of Forensic Odontology. Since 2002, Dr. Brumit has been an Adjunct Professor of

Forensic Odontology at the University of Texas Health Science Center at San Antonio, TX and is co-director the Southwest Symposium on Forensic Dentistry.

3. **Gregory S. Golden, DDS** - (deceased and will appear by deposition designation) Dr. Golden was a licensed dentist who received his DDS from the University of Southern California in 1975. Dr. Golden was the Chief Forensic Odontologist at the San Bernardino County and Riverside County Sheriff's/Coroners' Divisions as well as a consultant for the California Department of Consumer Affair's Dental Board. Dr. Golden was director of the American Board of Forensic Odontology for over 10 years, a Chairman for the American Academy of Forensic Sciences and a trustee of the Forensic Sciences Foundation. Dr. Golden was published in several peer-review journals, such as the Journal of Forensic Science, and had significant experience testifying in legal matters. Dr. Golden was an instructor at multiple accredited universities, including the University of California in Riverside.

4. **David R. Senn, DDS** – Dr. Senn received a DDS at the University of Dental Branch in Houston in 1969 and was certified as a Diplomate from the American Board of Forensic Odontology in 2002. Dr. Senn served in the U.S. Army Dental Corps and later worked as the Chief Forensic Odontologist at the Bexar County Medical Examiner's Office. He served as president of the American Board of Forensic Odontology, was president the Forensic and Scientific Board Membership and was on the Board of Directors of the Scientific Working group on Disaster Victim Identification (SWGDVI). Dr. Senn has been published extensively in the Journal of Forensic Sciences and is on the Board of Editors for the American Journal of Forensic Medicine and Pathology. Dr. Senn is a clinical assistant professor and director of the Fellowship in Forensic Odontology at the University of Texas' Health Science Center at San Antonio, TX. He has also been a long-standing co-director the Southwest Symposium on Forensic Dentistry.

5. **Michael Spierer-** Dr. Spierer is a clinical and forensic psychologist who obtained his Ph.D. in Psychology from the University of Wisconsin-Madison in 1974. Dr. Spierer was

11

Program Director of the Dane County Mental Health Center and has been in private practice for over 40 years. Starting in 1975, Dr. Spierer was a clinical adjunct professor at the University of Wisconsin's School of Medicine and Public Health and Department of Psychiatry. Dr. Spierer has extensive experience conducting forensic evaluations; Dr. Spierer has provided consultations and evaluations for the City of Madison, WI, St. Mary's Hospital, three police departments, and the Bureau of Clinical Services in the Wisconsin Division of Corrections. He acts on the Psychology Subcommittee of the United Credentials Committee at the Madison Hospitals. Dr. Spierer has been a long-time member the American Psychological Association and was president of the Wisconsin Psychological Association.

6. **Dennis Waller** – Mr. Waller is a Certified Criminal Investigator and police practices expert. Mr. Waller received his BA in Police Science from Michigan State University in 1970. He obtained his Master's Degree in Public Administration in 1975 from Florida International University. Mr. Waller served as a law enforcement officer for seventeen years, including chief of police for Ripon, Wisconsin in the 1980s. Mr. Waller has been a lecturer at the University of Wisconsin-Platteville. Mr. Waller also provides training to law enforcement agencies throughout Wisconsin and the United States. Mr. Waller is a member of the International Chiefs of Police and the Wisconsin Chiefs of Police

Plaintiff also reserves the right to call any of the witnesses on the Defendants' witness list included in this Pre-Trial Report.

   b. Defendants' Witness List – Either jointly or individually, the defendants may call the following witnesses:

   i. James Gauger, retired, Sussex, Wisconsin.
   ii. Daniel Blinka, professor, Milwaukee, Wisconsin.
   iii. Dr. Lowell T. Johnson, retired dentist and forensic odontologist, Milwaukee, Wisconsin.
   iv. David Cadle, retired forensic imaging specialist, Milwaukee, Wisconsin.
   v. Dr. Raymond Rawson, retired dentist and forensic odontologist, Las Vegas, Nevada.

12

vi. Dr. Gregory Golden, deceased (transcribed testimony to be read).
vii. Dr. David Senn, Texas
viii. Dr. Paula Brumit, Texas
ix. Norman Gahn, Assistant District Attorney, Milwaukee, Wisconsin
x. Defendants' Expert:
1. Dr. Lowell Levine, forensic dentist, Albany, NY. Lowell J. Levine, DDS is a Forensic Consultant and Director of the Medical Legal Investigation's Unit for the New York State Police in Albany, New York. He obtained his BA in 1959 from Hobart College in Geneva, New York and his dental degree in 1963 from New York University in New York City. In addition to his duties as the Director of the Medical Legal Investigation's Unit for the New York State Police, Dr. Levine has also held a number of academic appointments during the course of his career, including that of clinical associate professor in the Department of Forensic Medicine in New York University School of Medicine (1976-1984); clinical associate professor for the Department of Behavioral Sciences and Community Health at the New York University College of Dentistry (1976-1981); clinical associate professor in the Department of Operative Dentistry at the New York University College of Dentistry (1965-1976); member of the Board of Directors of the Institute of Forensic Medicine of New York University and the city of New York; and Director and Chairman of the governing board for the Center of Forensic Odontology, at the Institute of Forensic Medicine of New York University and the city of New York.

Dr. Levine is a fellow of the American Academy of Forensic Scientists, and has been a diplomate of the American Board of Forensic Odontology since 1976. He is also a life member of the American Dental Association in the New York State Dental Association. Dr. Levine has been qualified as an expert witness in the field of forensic odontologists in 24 states, as well as before courts-martial for the army and navy, the United States House of Representatives in the United States Senate. He has been involved as a consultant in numerous investigations, including the following:
•   Hinds County Mississippi, Medgar Evers Homicide, 1992, 1993, 1994.
•   TWA Flight 800 Joint Terrorism Task Force, New York State Police, 1996.

13

- JPAC CIL, Joint Base Pearl Harbor-Hickman, Hawaii 1985-present.
- University of Florida Foundation, Czar Nicholas and Family Investigation, Moscow, St. Petersburg, Ekaterinburg, Sverdlovsk District, 1992, 1993.
- International Criminal Investigation Assistance Program, US Department of Justice, Republic of Panama 1991.
- Review of Forensic Sciences Services, Commissioner of Public Safety, State of Mississippi, 1988.
- Medicolegal Investigation, Missile Attack on the USS Stark (FFG031) Frankfort Germany, 1987.
- Philadelphia Special Investigations Commission, MOVE Investigation, 1987.
- Coordinator, Forensic Consultant Unit, New York State Police, 1985-1987.
- Department of Defense, Review and Analysis of US Army Central Identification
- Laboratory, Hawaii 1985 (with Ellis Kerley, PhD and William Maples, PhD)
- Chief Forensic Odontologist, Office of the Medical Examiner, Nassau County, NY
- Organization of Human Rights, Forensic Training, San Jose, Costa Rica.
- Supreme Court of Ecuador, Medicolegal Investigation, Quito, Guayquil
- US Marshal's Service, US Department of Justice, Josef Mengele Investigation
- Office of Special Investigations, US Department of Justice, Josef Mengele Investigation, Sao Paulo, Brazil & Washington, DC.
- Forensic Sciences, Sub-secretary of Human Rights, Ministry of the Interior, Republic of Argentina & American Association for the Advancement of Science, (Sponsor: Ford Foundation) 1984, 1985 (The Disappeared Investigation).
- Chief Consultant in Forensic Dentistry, Office of Chief Medical Examiner, City of New York, 1969-1980.
- American Airlines Flight 191, Chicago 1979.
- American Airlines 825, St. Thomas, US Virgin Islands.
- Eastern Airlines 66, New York City, NY.
- Select Committee of Assassinations, US House of Representatives, John F. Kennedy.

14

- National Transportation Safety Board, Tenerife, Canary Islands, PanAm-KLM 1977.
- American Airlines 825, St. Thomas, US Virgin Islands, 1976.
- Eastern Airlines 66, New York City, 1975.
- Research CO-Investigator, Protection & Survival Division, Civil Aeromedical Institute FAA Aeronautical Center, Oklahoma City 1974-1975.
- Delaware Chief Medical Examiner 1979-1987.
- Consultant Defendant Funeral Homes, Tri-State Crematory Investigation.

2. The defense may also call Dr. David Senn as an expert, if plaintiff Stinson elects not to. Dr. Senn has been identified as an expert by plaintiff Stinson. Dr. Senn is a fellow of the American Academy of Forensic Scientists and a member of the American Society of Forensic Odontologists. He is a clinical assistant professor in the Department of Dental Diagnostic Science at the University of Texas Health Science Center in San Antonio. He has also served as chief forensic odontologist for the office of the Bexar County Medical Examiner and has been a member of the Board of Directors for the Forensic Specialties Accreditation Board and a member of the American Dental Association, Texas Dental Association and San Antonio District Dental Society.

6. **Exhibit Lists**

The Parties have provided their respective exhibits lists with the objections by the other side included in the far right column of each spreadsheet.

    a. Plaintiff's Revised Exhibit List. *See* Attachment A.

    b. Defendants' Revised Exhibit List. *See* Attachment B.

7. **Deposition Designations**

    a. Plaintiff's Deposition Designations. Plaintiff's affirmative designations are in yellow highlights. Plaintiff's counter designations are in pink highlights.

i. Dr. Gregory Golden. The parties are meeting and conferring to resolve their revised deposition designations and counter designations for Dr. Golden's testimony and will file any objections that resolve the Court's attention by Wednesday, June 12, 2019.
ii. Jody Lloyd. *See* Attachment C.

b. **Defendants' Deposition Designations.** Defendants' affirmative designations are in blue highlights. Defendants' counter designations are in green highlights.

i. Dr. Gregory Golden. *See above* Section 7(a).
ii. Jody Lloyd. *See* Attachment C.

8. **Proposed Non-Standard Voir Dire Questions**

a. The Parties' Joint Agreed Voir Dire Questions are attached as Attachment D.
b. Plaintiff's Additional Voir Dire Questions are attached as Attachment E.

9. **Proposed Seventh Circuit Pattern Jury Instructions**

Seventh Circuit Pattern Jury Instructions agreed upon by the Parties

| Parties' Agreed Instruction No. | Pattern Instruction No. | Description |
|---|---|---|
| | 1.01 | Function of Court and Jury |
| | 1.02 | No Inference from Judges' Questions |
| | 1.03 | All Parties Equal |
| | 1.04 | Evidence |
| | 1.05 | Deposition Testimony |
| | 1.06 | What is Not Evidence |
| | 1.07 | Note-Taking |
| | 1.08 | Consider All Evidence Regardless of Who Produced |
| | 1.09 | Limited Purpose of Evidence* |
| | 1.11 | Weighing The Evidence |
| | 1.12 | Direct/Circumstantial Evidence |
| | 1.13 | Testimony of Witnesses (Deciding What To Believe) |
| | 1.16 | Lawyer May Interview Witnesses |
| | 1.17 | Number of Witnesses |

16

| Parties' Agreed Instruction No. | Pattern Instruction No. | Description |
|---|---|---|
| | 1.18 | Absence of Evidence |
| | 1.21 | Expert Witnesses |
| | 1.24 | Demonstrative Evidence |
| | 1.25 | Multiple Claims/Multiple Parties/Defendants |
| | 1.27 | Burden of Proof |
| | 2.08 | Deposition as Substantive Evidence |
| | 7.03 | Color of Law |
| | 7.28 | Punitive Damages - with [financial condition] excluded from pattern |

\* If required at the end of trial

Plaintiff has withdrawn his state law negligent infliction of emotional distress claim.

Plaintiff's revised proposed jury instructions are attached as Attachment F. Plaintiff has separately filed a brief in support of his jury instructions and in opposition to Defendants' instructions. *See* Dckt. 266.

Defendants' proposed jury instructions are attached as Attachment G.

10. **Proposed Verdict Form**

   a. Plaintiff's proposed verdict form is included as Attachment H.
   b. Defendants' proposed verdict form is included as Attachment I.

The Plaintiff has filed a brief in support of his verdict form (Dckt No. 267) and the Defendants have also filed a brief in support of their verdict form (Dckt No. 270). Both parties anticipate that they may file revised verdict forms before the completion of trial.

11. **Court Reporter Statement –**

Defendants have requested a court reporter to be present at the trial.

12. **Number of Jurors Requested by Parties**

Plaintiff requests that the Court seat eight jurors for this trial.

17

Defendants request that the Court seat twelve jurors with two alternates.

Dated: 6/10/2019								LOEVY & LOEVY


							/s/ Heather Lewis Donnell
							HEATHER LEWIS DONNELL
							Attorney for Plaintiff