UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes

| | |
|---|---|
| DATE: | June 5, 2019 |
| JUDGE: | Pamela Pepper |
| CASE NO: | 2009-cv-1033 |
| CASE NAME: | Robert Lee Stinson v. City of Milwaukee, *et al.* |
| NATURE OF HEARING: | Status Conference |
| APPEARANCES: | Heather Lewis Donnell – Attorney for the plaintiff |
| | Gayle Horn – Attorney for the plaintiff |
| | Jason Franckowiak – Attorney for Dr. Johnson |
| | Ellison Hitt – Attorney for Dr. Rawson |
| | Jan Smokowicz – Attorney for the City of Milwaukee and James Gauger |
| COURTROOM DEPUTY: | Kristine Wrobel |
| TIME: | 3:57 p.m. – 4:33 p.m. |
| HEARING: | Final pretrial conference set for June 11, 2019 at 3:00 p.m. |

**AUDIO OF THIS HEARING AT DKT. NO. 316**

The court noted that it had converted this hearing from a final pretrial conference to a status conference because after reviewing the final pretrial report the parties had filed in January 2019, the court had realized that the parties' submissions had been rendered unhelpful by the passage of time and the court's rulings on the Daubert motions and motions *in limine*. Those rulings had impacted the witness lists, exhibit lists and deposition designations. The court further noted that it needed a summary of the case to read to the *venire* (as of January, the parties had not been able to agree on such a summary) and a proposed statement of issues (the parties hadn't been able to agree on that, either). The court asked the parties how they planned to present defendant Johnson's video testimony at the trial; it wanted the parties to think through editing the video, coming to an agreement on the version they will show to the jury and how they want to handle objections.

Counsel for the plaintiff indicated that she would work with counsel for the defendants to submit new witness and exhibit lists, and to try to agree on a statement for the jury. Counsel hoped to submit those documents by Monday. Counsel proposed that that the parties work together on revising the deposition designations, and indicated that they already were working together on trying to come up with an agreed version of defendant Johnson's video testimony.

Defense counsel all agreed to work toward updated submissions on Monday (though the defendants did not believe their witness lists would change).

Counsel for the plaintiff reported that the parties disputed who should maintain custody until the trial of the overlays that had been found in defendant Johnson's possession. The plaintiff objected to counsel for defendant Johnson holding the overlays, indicating that they were the plaintiff's exhibits and noting that the overlays already had gone missing once.

Counsel for defendant Johnson told the court that he was not insisting on keeping the overlays and that he did not object to the court maintaining possession of them until the trial, but objected to the plaintiff maintaining custody of them.

Counsel for defendant Rawson did not have a position on where the overlays should reside pending trial. When the court indicated a reluctant willingness to take custody of them and expressed concern about how to ensure that the parties would not later question whether something had happened to them while in the court's custody, counsel suggested that the court tape up the manila folder containing the overlays and have counsel for each party sign the sealed envelope.

The court expressed disappointment that the issue with the overlays had come to the point where the parties were asking the court to maintain them until the trial. The court pointed out that every lawyer in the courtroom was an officer of the court with the obligation to act ethically. The court—again reluctantly—agreed to maintain custody of the overlays until the trial. The court sealed the manila envelope with three strips of tape and each of the attorneys present in the courtroom signed and dated the envelope.

The court scheduled a final pretrial conference for June 11, 2019 at 3:00 p.m. in Room 222. The court indicated the parties should be prepared to discuss the timing for each day of the trial, courtroom set-up, where to have the witnesses during the trial, the number of witnesses, whether any witnesses would need to be called out of turn, and other housekeeping issues.