UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

ROBERT STINSON,

    Plaintiff,

v.                                        Case No. 2:09-cv-0133-PP

CITY OF MILWAUKEE, et al.,

    Defendants.

---

PLAINTIFF'S OBJECTIONS TO LOWELL T. JOHNSON
DIRECT EXAMINATION DESIGNATIONS

---

      Pursuant to Federal Rule of Evidence 611, Plaintiff has a global objection to Dr. Johnson's direct examination because it was conducted almost entirely through improper leading questioning. Fed. R. Evid. 611(c)[1] ("Leading Questions. Leading questions should not be used on direct examination except as necessary to develop the witness's testimony"); *see also Westfall v. Norfolk S. Ry. Co.*, No. 3:13CV926, 2014 WL 4979273, at *2 (N.D. Ind. Oct. 6, 2014) (striking party's deposition testimony where party's "counsel engaged in the tactic of asking his own client improper leading questions, thereby getting his client to respond in the way he wanted, and then coming back with a proper direct examination question to which he then gets the answer he had first obtained through improper leading questions."); *Bockelman v. BNSF Ry. Co.*, No. 10-1001, 2011 WL 5180382, at *4 (C.D. Ill. Oct. 28, 2011) ("what counsel was doing was unnecessarily and improperly emphasizing the proper standard that an expert must apply in order to offer an opinion. The objections are SUSTAINED.").

---

[1] The changes to Rule 611 were designed to expand the scope of what qualified as an adverse witness. *See Ellis v. City of Chicago*, 667 F.2d 606, 612–13 (7th Cir. 1981) (the changes to the rules were "designed to enlarge the categories of witnesses automatically regarded as adverse, and therefore subject to interrogation by leading questions without further showing of actual hostility). Dr. Johnson made no such showing that his client required leading questioning.

Plaintiff lodged his objection to counsel leading Dr. Johnson early in the deposition. *See* Tr. at 303:23-307:1. Dr. Johnson's counsel acknowledged that "ordinarily, obviously non-leading questions must be used on direct examination but the rule is phrased in the suggestive. . . ." Tr. 304:22-24. Counsel stated that leading on direct was permissible in situations "when a witness is unable to convey information meaningfully in response to non-leading questions" such as witness who is "a child, infirm, has language difficulties or memory problems" or if "meaningful Tr. 305:2-6. Dr. Johnson made no attempt to use proper questioning to demonstrate that Dr. Johnson was unable to provide "meaningful" responses to non-leading questions. In addition, while Plaintiff agreed to accommodate Dr. Johnson's request to take his trial testimony in advance of trial at his retirement home and agreed that he could have a real time transcript to accommodate his hearing loss, no representation or medical records were provided to indicate that Dr. Johnson suffered any memory impairment to require a leading examination.

Dr. Johnson's counsel made no effort to question his client properly and instead proceeded to question his client over Plaintiff's objection. Plaintiff seeks to strike the direct examination of Dr. Johnson in its entirety on this basis.

Alternatively, below are listed the respective designations that are objected to by the Plaintiff for the Court's resolution.

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| 298:1-21 | Preserve Plaintiff's objection to cv (DX 225) as hearsay as per Plaintiff's MIL No. 11 |
| 329:18-24 | Fed. R. Evid. 611(c) – improper leading on direct exam |
| 330:10-12 | Form "formal scientific opinion" |
| 331:6-10 | Fed. R. Evid. 611(c) – improper leading on direct exam, Form "formal scientific analysis" |
| 339:9-16 | Fed. R. Evid. 611(c) – improper leading on direct exam, Form "generally consistent" |
| 340:19-341:2 | Fed. R. Evid. 611(c) – improper leading on direct exam |
| 347:19-24 | Fed. R. Evid. 611(c) – improper leading on direct exam, Form |
| 348:4-10 | Fed. R. Evid. 611(c) – improper leading on direct exam, Form |
| 348:13-18 | Fed. R. Evid. 611(c) – improper leading on direct exam, Form, improper vouching for an expert |

| | |
|---|---|
| 348:19-24 | Fed. R. Evid. 611(c) – improper leading on direct exam, Form, improper vouching for an expert |
| 349:1-19 | Fed. R. Evid. 611(c) – improper leading on direct exam, Form, improper vouching for an expert |
| 352:2-12 | Fed. R. Evid. 611(c) – improper leading on direct exam, Form, improper vouching for an expert |
| 354:1-15 | Fed. R. Evid. 611(c) – improper leading on direct exam, Form, improper vouching for an expert |
| 355:22-25-356:1-16 | Fed. R. Evid. 611(c) – improper leading on direct exam, Form, MIL No. 1 – bar Morgan Report |
| 357:19-24 | Fed. R. Evid. 611(c) – improper leading on direct exam, Form |
| 360:16-24 | Fed. R. Evid. 611(c) – improper leading on direct exam |
| 361:19-25 | Fed. R. Evid. 611(c) – improper leading on direct exam, Form |
| 362:6-10 | Fed. R. Evid. 611(c) – improper leading on direct exam, Form |
| 362:23-25-363:1-12 | Fed. R. Evid. 611(c) – improper leading on direct exam, Form |
| 363:21-25 | Form |
| 364:1-8 | Fed. R. Evid. 611(c) – improper leading on direct exam, Form |
| 369:8-14 | Form |
| 371:1-7 | Fed. R. Evid. 611(c) – improper leading on direct exam, Form |
| 372:16-23 | Fed. R. Evid. 611(c) – improper leading on direct exam, Form |
| 374:1-6 | Foundation |
| 374:19-23 | Fed. R. Evid. 611(c) – improper leading on direct exam, Form |
| 375:1-11 | Fed. R. Evid. 611(c) – improper leading on direct exam, Form |
| 377:3-8 | Fed. R. Evid. 611(c) – improper leading on direct exam, Form |
| 378:1-25 | Fed. R. Evid. 611(c) – improper leading on direct exam, Form |
| 379:1-4 | Fed. R. Evid. 611(c) – improper leading on direct exam, Form |

| | |
|---|---|
| 380:23-381:6 | Fed. R. Evid. 611(c) – improper leading on direct exam, Form, MIL No. 1 – Bar Morgan Report |
| 383:20-384:3 | Fed. R. Evid. 611(c) – improper leading on direct exam, Form. |
| 388:4-9 | Fed. R. Evid. 611(c) – improper leading on direct exam, Form |
| 389:13-18 | Fed. R. Evid. 611(c) – improper leading on direct exam, Leading, and Foundation |
| 389:19-25 | Fed. R. Evid. 611(c) – improper leading on direct exam, Leading. |
| 390:22-391:3 | Fed. R. Evid. 611(c) – improper leading on direct exam, Leading, and Foundation |
| 391:7-14 | MIL No. 2, Daubert Order Dckt. 287 |
| 391:23-392:3 | Form, Fed. R. Evid. 611(c) – improper leading on direct exam |
| 393:3-394:1 | Form, Foundation, Fed. R. Evid. 611(c) – improper leading on direct exam, MIL No. 2, Daubert Order Dckt 287 |
| 396:25-397:15 | Fed. R. Evid. 611(c) – improper leading on direct exam, Foundation, Daubert Order Dckt 287 – bar opinion on role of cross examination and bar Morgan Report; MIL No. 1 |
| 397:23-398:1 | Form, Foundation, Daubert Order Dckt 287 - bar opinion on role of cross examination and bar Morgan Report; MIL No. 1 |
| 398:3-8 | Form, Fed. R. Evid. 611(c) – improper leading on direct exam |
| 399:6-12 | Form, Fed. R. Evid. 611(c) – improper leading on direct exam |
| 399:13-18 | Form, Fed. R. Evid. 611(c) – improper leading on direct exam, MIL No. 1 |
| 400:1-11 | MIL No. 1, FRE 801 |
| 400:22-402:23 | MIL No. 1 |
| 403:1-404:12 | MIL No. 1 |
| 405:2-7 | Form, Foundation, Fed. R. Evid. 611(c) – improper leading on direct exam |
| 406:9-12 | Form |

| | |
|---|---|
| 406:22-25 | Form |
| 413:3-9 | MIL No. 1 |
| 414:6-11 | Fed. R. Evid. 611(c) – improper leading on direct exam |
| 415:20-416:3 | Form |
| 416:18-24 | Fed. R. Evid. 611(c) – improper leading on direct exam, Form |
| 416:25-417:11 | Foundation |
| 418:19-24 | Form, Fed. R. Evid. 611(c) – improper leading on direct exam |
| 419:1-11 | Fed. R. Evid. 611(c) – improper leading on direct exam |
| 420:12-22 | Form, Fed. R. Evid. 611(c) – improper leading on direct exam |
| 424:1-425:2 | Foundation, Dckt. 287 – improper testimony as to the qualifications of an expert |
| 425:3-10 | Foundation; Dckt. 287 – improper testimony on the qualifications of an expert |
| 426:17-24 | Form, Foundation |
| 426:25-427:5 | Form |
| 428:14-19 | Rule of Completeness, FRE 106 |
| 428:25-429:4 | Fed. R. Evid. 611(c) – improper leading on direct exam |
| 430:10-15 | Form, Fed. R. Evid. 611(c) – improper leading on direct exam |
| 430:17-22 | Form, Fed. R. Evid. 611(c) – improper leading on direct exam |
| 430:23-431:25 | Foundation, Form, Fed. R. Evid. 611(c) – improper leading on direct exam, Dckt. 287 – baring testimony on state of mind, MIL No. 3 |
| 431:14-19 | Form, Foundation, Fed. R. Evid. 611(c) – improper leading on direct exam |
| 431:20-432:4 | Form, Fed. R. Evid. 611(c) – improper leading on direct exam |
| 432:5-14 | Form, Foundation |
| 432:17-433:1 | Form, Foundation |

| 433:2-12 | Form, Foundation, MIL No. 1 – Morgan Report; Dckt. 287 |
| 433:16-25 | Dckt. 287; MIL No. 2 – improper state of mind |

Dated: 6/18/2019         LOEVY & LOEVY

/s/ Heather Lewis Donnell
HEATHER LEWIS DONNELL
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, Heather Lewis Donnell, an attorney, certify that on June 18, 2019, I filed a copy of Plaintiff's Objections To Lowell T. Johnson Exam Designations.

/s/ Heather Lewis Donnell