UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT LEE STINSON,

    Plaintiff,

v.                                              Case No. 2:09-cv-1033-PP

JAMES GAUGER, et al.,

    Defendants.

## TRIAL BRIEF ON PLAINTIFF'S EXPERTS' TESTIMONY PROVIDING THAT THE BITEMARK EVIDENCE WAS MATERIALLY FALSE

Plaintiff Robert Lee Stinson, by his attorneys, respectfully submits this trial brief, which explains why his expert witnesses must be allowed to provide testimony, based on modern bitemark analysis techniques, that shows that the bitemark evidence used by the Defendants was false, stating in support as follows:

    1.    This Court has made rulings limiting the use of Plaintiff's experts' testimony to show the Defendants' state of mind relating to their analysis of bitemark evidence in 1984 and 1985. Plaintiff understands those rulings and this brief does not seek to revisit them.

    2.    It is important, however, that this limitation on Plaintiff's experts' testimony should not expand into a general bar on all testimony about modern expert methods that would effectively prevent Plaintiff from proving a vital element of his fabrication claim: that the evidence in question was, in fact, false.

    3.    To succeed on his due process fabrication claim, separate and apart from proof of Defendants' intent or knowledge, Plaintiff must prove that the bitemark evidence used against him was false. Seventh Circuit cases uniformly establish that, in order to prove a due process

claim based on fabrication of evidence, materially false evidence must have been used against a criminal defendant/civil plaintiff. *Whitlock v. Brueggemann*, 682 F.3d 567, 582 (7th Cir. 2012) (requiring a showing that "the fabricated evidence, because it was introduced against them at trial, was instrumental in their convictions"); *see also Avery v. City of Milwaukee*, 847 F.3d 433, 439 (7th Cir. 2017) (explaining that false evidence introduced at trial violates due process because it "will *never* help a jury perform its essential truth-seeking function"); *Petty v. City of Chicago*, 745 F.3d 416, 422-23 (7th Cir. 2014) (distinguishing evidence that is false, which violates the constitution when it is introduced in a criminal proceeding, and evidence that is obtained unlawfully but is not false, which does not violated constitutional rights); *Coleman v. City of Peoria*, 2019 WL 2240575, at *7 (7th Cir. May 24, 2019) (same); *see also* Seventh Circuit Pattern Civil Jury Instruction 7.14 (requiring proof that the evidence was false to such an extent that affected the outcome of the criminal proceeding).

4. Put simply, Plaintiff cannot succeed on his fabrication claims unless he proves that the bitemark evidence used against him during his criminal trial was in fact false, and materially so.

5. Plaintiff's experts first sought to demonstrate that the bitemark evidence used against Plaintiff was materially false by replicating the methodology that Defendants used in 1984 and 1985. That methodology could not be replicated.

6. As a result, the only way that Plaintiff can demonstrate that the bitemark evidence used against him during his criminal trial was materially false is by demonstrating the falsity of that evidence using modern expert methodology.

7. Accordingly, Plaintiff's experts should be permitted to testify about modern bitemark techniques because it is probative of the material falsity element of Plaintiff's due

process claim. Any limitation on that testimony will all but prevent Plaintiff from proceeding on that claim.

RESPECTFULLY SUBMITTED,

/s/ Heather Lewis Donnell
*One of Plaintiff's Attorneys*

Arthur Loevy
Jon Loevy
Michael Kanovitz
Gayle Horn
Heather Lewis Donnell
Elliot Slosar
LOEVY & LOEVY
311 N. Aberdeen St., 3rd FL
Chicago, Illinois 60607
(312) 243-5900

## CERTIFICATE OF SERVICE

I, Heather Lewis Donnell, an attorney, certify that on June 19, 2019, I filed with the Court's CM/ECF system the foregoing Trial Brief, and thereby served a copy of the same to all counsel of record.

/s/ Heather Lewis Donnell
*One of Plaintiff's Attorneys*