UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ROBERT LEE STINSON,

    Plaintiff,

v.                                                                      Case No. 09-cv-1033-pp

JAMES GAUGER *et al.*,

    Defendants.

---

**ORDER RULING ON DEFENDANT JOHNSON'S OBJECTIONS TO PLAINTIFF'S ADVERSE EXAMINATION OF DEFENDANT JOHNSON (DKT. NO. 300) AND DEFENDANT GAUGER'S OBJECTIONS TO PLAINTIFF'S ADVERSE EXAMINATION OF DEFENDANT JOHNSON (DKT. NO. 331)**

---

| Designation | Objection | Ruling |
|---|---|---|
| *Plaintiff's Designation* | *Dr. Johnson's Objections* | |
| *Volume 1* | | |
| 5:17-25 | Object to striking this portion. This is simply introduction is stricken, but the rest isn't | Sustained—do not strike. |
| 7:22-25 to 8:1-4 | Object to removal; the jury is entitled to be informed at the outset of testimony why Dr. Johnson keeps looking down at the real-time screen while answering questions | Sustained—do not strike. |
| 23:5-12 | Question-and-answer should be stricken; argumentative as to the word "damning"; objection is to form in that it is unclear what is meant by "on trial for his life." | Sustained—strike 23:05 to 23:18. |

1

| | | |
|---|---|---|
| 26:7-14 / 27:16-22 | Questions-and-answers should be stricken; form and mischaracterization of testimony; conflates "studies" on the uniqueness of dentition (which did exist in 1984-see plaintiff's exhibit 3) with statistical database evidence (which did not) | Sustained as to 26:07—strike. Overruled as to 26:8-14, 27:16-22. |
| 40:13-15/ 24-25 | Can remove my objections | Stipulated—strike 40:13-15; 40:24-25. |
| 58:25-59:1-4 | Question-and-answer should be stricken; objection was "vague as to time"; the time of the receipt of the alleged photos was not subsequently clarified for the witness; objection stands | Overruled. |
| 63:3-6 | Lines should be removed; witness obviously referencing the wrong page of the transcript in these lines | Sustained—strike 63:3-6. |
| *Volume 2* | | |
| Pages 92-94 | Introduction language should be either included or excluded; plaintiff's current designation leaves one part of introduction (page 92) in, but strikes portions of the introduction on pages 93 through 94 | Sustained—strike 92:10-25. |
| 109:1-2 | Strike objection, lines 1 to 2 | Sustained—strike 109:01-02. |
| 156:1-2 | Strike objection, lines 1 to 2 | Sustained—strike156:01-02. |

2

| | | |
|---|---|---|
| 173:3 to 181:7 | Section should be stricken; objection placed at 173:23-174:5; irrelevant. This section is an attempt to have Dr. Johnson reproduce his 1984 analysis 35 years later. All negligence claims have been dropped. The issue is deliberate fabrication and conspiracy. Whether he can duplicate his original analysis 35 years later or whether this method of comparison is "proper" or consistent with standard of practice is irrelevant. | Sustained as to 177:3-8—strike 177:3-8.<br><br>Sustained as to 181:1-2—strike 181:1-2.<br><br>Overruled as to remainder—relevant to how Johnson conducted his analysis in 1984/85. |
| 193:1 to 220:19 | Section should be stricken; object as to relevance; this section is an attempt to have Dr. Johnson re-create work that was done 35 years ago and that took over 100 hours. In addition, no negligence claims remain; whether he can accurately duplicate his 1985 work is irrelevant. | Overruled, with the exception of 204:11-12—strike objection. |
| 224:3-5 | Strike lines 3 through 5; foundation: it was not establishing that Dr. Johnson had any insight into why DA [Blinka] was thinking about charging Mr. Stinson, beyond the fact that he wanted a second opinion. | Sustained in part—strike 224:03-04 and the words "Ms. Cychosz" in 224:05. |
| 247:5-9 | Strike lines 5 through 9; foundation: Johnson had no way to know that Jenkins was found near the scene. | Sustained—strike 247:5-7 (247:8-9 already stricken) |

3

| | | |
|---|---|---|
| 254:20-25 | Strike lines 20 through 25; Form and foundation; the question was never answered, and was abandoned/ not followed up | Sustained—strike 254:20-25. |
| 264:25 to 266:16 | Section should be stricken; interactions with Atty Gahn in 2008 are irrelevant to claim of fabrication in 1984; also potentially violates court order to the extent Dr. Johnson was asked whether he believes he "got it right" | Sustained as to 264:25 through 266:3 and the words "just asked you:" at 266:4. Overruled as to 266:4 "Do you remember . . ." through 266:16 (excluding already stricken material)—relevant re: trial rulings on June 18, does not violate court's ruling at Dkt. No. 302 at 2 (granting Johnson's MIL 225 #2) |
| 266:16 to 279:9 | Section should be stricken; this series of questions pertains to 2008 and 2009; irrelevant to the claim of fabrication and withholding of evidence dating to 1984 and 1985 | Sustained—irrelevant. Strike 266:16 to 279:9 |
| 283: 16, 19, 21, 25 | Remove "leading" objections | Sustained—strike 283:16, 283:19, 293:21 and 283:25. |
| *Volume 3* | | |
| | Dr. Johnson objects to the entirety of Stinson's "proffer" on Wednesday, June 5. | Johnson did not identify pages/lines. Court cannot locate a proffer by Stinson. Court assumes Johnson means 463:8 starting at ", but" and ending at 468:8. Court orders that 463:8 starting at ", but" and ending at 468:8 be stricken. |

4

| *Plaintiff's Designation* | *Gauger's Objections* | |
|---|---|---|
| *Volume 1* | | |
| 8:17 | | Overruled as moot—already stricken. |
| *Volume 2* | | |
| 110:20 | | Overruled as moot—already stricken. |
| 134:17 | | Sustained—strike 134:17 to 134:19. |
| 136:10 | | Overruled as moot—already striken. |
| 142:3 | | Overruled as moot—143:3 through 142:8 already stricken. |
| 176:8 | | Overruled as moot—176:8 to 176:13 already stricken. |
| 228:22 | | Overruled as moot—228:22 to 228:23 already stricken. |
| 232:9, 21 | | Overruled as moot—232:7-8 and 232:21-22 already stricken. |
| 241:17 | | Overruled as moot—241:17-18 already stricken. |
| 264:8 | | Overruled as moot—264:8-9 already stricken. |
| 265:2, 22 | | Overruled as moot—265:2 and 265:22-23 already stricken. |
| 266:10 | | Overruled as moot—266:10-14 already stricken. |
| 269:13 | | Overruled as moot—entirety of page 269 already stricken. |
| 271:15 | | Overruled as moot—271:15-16 already stricken. |
| 272: 3, 14 | | Overruled as moot—272:3-4 and 272:22-23 already stricken. |
| 274: 6, 17, 25 | | Overruled as moot—273:2-3 and 273:14-15 already stricken. |

| | | |
|---|---|---|
| 275: 16, 23 | | Overruled as moot—275:5-6, 275:9-11, 275:16-17 and 275:23-24 already stricken. |
| 276: 11, 17 | | Overruled as moot—276:11-12 and 273:17-18 already stricken. |
| 277: 10, 21 | | Overruled as moot—277:10-11 and 277:21-22 already stricken. |
| 278: 8, 17, 23 | | Overruled as moot—278:8-9, 278:17 and 278:23 already stricken. |
| 279: 7 | | Overruled as moot—279:7-8 already stricken. |
| *Volume 3* | | |
| | Object to entire proffer. | Gauger did not identify pages/lines. Court cannot locate a proffer by Stinson. Court assumes Gauger means 463:8 starting at ", but" and ending at 468:8. Court orders that 463:8 starting at ", but" and ending at 468:8 be stricken. |

Dated in Milwaukee, Wisconsin this 21st day of June, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**