UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN, MILWAUKEE DIVISION

ROBERT LEE STINSON,
    Plaintiff,

v.      Case No.: 09 CV 01033

THE CITY OF MILWAUKEE,
JAMES GAUGER,
DR. LOWELL T. JOHNSON, and
DR. RAYMOND D. RAWSON,
    Defendants.

### DEFENDANT DR. LOWELL T. JOHNSON'S TRIAL BRIEF OBJECTING TO PLAINTIF'S PROPOSED JURY INSTRUCTION ON MALICIOUS PROSECUTION

### INTRODUCTION

The plaintiff, Robert Lee Stinson ("Stinson") has submitted a proposed jury instruction on malicious prosecution and has suggested that the instruction be applied to all defendants. The defendant Dr. Lowell Johnson ("Dr. Johnson") objects to the plaintiff's proposed jury instruction on two bases. First, the jury instruction as proposed is improper as it fails to accurately state the elements as set forth in Wis. JI-CIVIL 2600. The second basis for Dr. Johnson's objection is that Dr. Johnson was not actively involved in initiating criminal proceedings against Mr. Stinson.

### ARGUMENT

**A. The plaintiff's proposed jury instruction on malicious prosecution is improper as drafted as it improperly states the elements set forth in Wis. JI-CIVIL 2600.**

The plaintiff's proposed jury instruction on malicious prosecution is a modified jury instruction incorporating aspects of the federal tort claim of malicious prosecution and Wisconsin's tort claim of malicious prosecution. However, the court issued a ruling on June 13, 2019 in which it rejected the plaintiff's argument that the jury should be instructed on the federal

1

malicious prosecution claim because the claim was unpled. (ECF No. 324). Therefore, only the state malicious prosecution claim is left standing and the jury must be instructed using WI-JI-CIVIL 2600 only and not the instruction proposed by the plaintiff.

### B. Dr. Johnson was not actively involved in instituting a criminal prosecution against Mr. Stinson.

Under Wis. JI-CIVI 2600, Stinson must prove all of the following six elements with regard to Dr. Johnson:

1. A criminal proceeding was brought against Stinson;
2. Dr. Johnson was actively involved in instituting the criminal prosecution against Stinson;
3. The criminal proceeding was terminated in favor of Stinson
4. Dr. Johnson acted with malice in instituting the criminal prosecution;
5. The criminal charges were made without probable cause;
6. Stinson suffered damages as a result of the criminal prosecution on those charges;

With regard to element two, the jury instruction requires that the plaintiff prove that Dr. Johnson was actively involved in **instituting** the criminal prosecution against Stinson. However, the evidence in this trial clearly establishes that while Dr. Johnson participated in the investigation into the murder of Ione Cychosz, he did not institute criminal proceedings against Stinson. In fact, the evidence is to the contrary.

The evidence establishes that from the time of his retention as a consultant on November, 3, 1984 until December 3, 1984, Dr. Johnson's role in the Cychosz murder investigation was to examine the bitemarks left on the body and collaborate with a sketch artist to recreate the dentition of the individual who left the bitemarks on the body. At no time prior to December 3, 1984 had Johnson ever met Stinson or heard his name mentioned in connection with the Cychosz investigation.

2

Case 2:09-cv-01033-PP   Filed 06/25/19   Page 2 of 4   Document 360

On December 3, 1984, Assistant District Attorney Daniel Blinka convened a John Doe proceeding before the Honorable David Jennings of the Milwaukee County Circuit Court. Dr. Johnson did not request that ADA initiate, nor was he involved in the decision to convene the John Doe proceedings.

Similarly, the decisions to proceed with issuing a criminal complaint and arresting Stinson were decisions that Dr. Johnson did not make and, by definition, could not make. While the prosecutor may have made their decision based, in part, on Dr. Johnson's investigation and report, the discretion whether to charge vests solely with the district attorney. *State v. Lindsey*, 203 Wis. 2d423, 440, 554 N.W.2d 215, 221 (Ct. of App. 1996).

In *Bautista v. Vill. of Lomira*, 2013 U.D. Dist. LEXIS 76828 * WL 2405443, the plaintiff brought a claim for malicious prosecution against a Village of Lomira police officer after the police officer wrote a report which ended up being the basis for a criminal complaint issued by the district attorney. In dismissing the plaintiff's claim, the court focused on the second element-the requirement that the defendant institute the criminal proceeding. The court found that the plaintiff failed to allege any facts that the "criminal proceedings against Bautista were initiated by the officer or at the officer's insistence. *Id* at *41. The plaintiff's primary contention was that because the officer wrote the police report that served as the basis of a criminal complaint, the officer initiated the proceeding against him. The court stated that "[t]his argument is attenuated; prosecutors have discretion in what cases they will charge and are the officials ultimately responsible for the issuance of a criminal complaint." *Id*., quoting *State v. Lindsey*, 203 Wis. 2d423, 440, 554 N.W.2d 215, 221 (Ct. of App. 1996). The court went on to state that "the element requires that the prosecution was initiated at Schulteis' insistence, which suggests more is required than writing a report and submitting it to the district attorney's office for review." *Id.* at *41-42.

3

Dr. Johnson is in a very similar position to the police officer in *Bautista*. If anything, Dr. Johnson has a stronger claim as to why the malicious prosecution jury instruction should not be applied to him. In *Bautista*, the police report was the sole basis for the issuance of a criminal complaint. In this case, there was additional investigation and evidence beyond Dr. Johnson's report that played a role in the district attorney's decision to file criminal charges against Stinson.

Stinson has offered no evidence to support a claim that Dr. Johnson initiated the criminal proceedings that led to Stinson's conviction. Therefore, the jury should not be instructed on the claim of malicious prosecution as it relates to Dr. Johnson's role in the Stinson investigation.

Dated this 25th day of June, 2019.

        OTJEN LAW FIRM, S.C.
        Attorneys for Defendant Dr. Lowell T. Johnson

        s/ Jason J. Franckowiak _____
        Jason J. Franckowiak, State Bar No. 1030873
        Email: jfranckowiak@otjen.com