UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN, MILWAUKEE DIVISION

ROBERT LEE STINSON,
    Plaintiff,

v.                                               Case No.: 09 CV 01033

THE CITY OF MILWAUKEE,
JAMES GAUGER,
DR. LOWELL T. JOHNSON, and
DR. RAYMOND D. RAWSON,
    Defendants.

## DEFENDANT DR. LOWELL T. JOHNSON'S TRIAL BRIEF OBJECTING TO PLAINTIFF'S PROPOSED JURY INSTRUCTION ON FAILURE OF BYSTANDER OFFICER TO INTERVENE

### INTRODUCTION

      The plaintiff, Robert Lee Stinson ("Stinson"), has submitted a modified version of Federal Civil Jury Instructions of the Seventh Circuit Jury Instruction 7.22 (Claim for Failure of "Bystander" Officer to Intervene-Elements). The defendant, Dr. Lowell T. Johnson ("Dr. Johnson") objects to applying either the pattern instruction or the modified instruction as the pattern instruction is clear on its face that it is to be utilized only in the case of a bystander officer. In the event that the court chooses to utilize the plaintiff's modified instruction, the same standard ought to be applied.

      More importantly, there are insufficient legal grounds and evidence with regard to the third element of either instruction to support their application to Dr. Johnson.

1

# ARGUMENT

A. **The pattern and modified jury instruction should not be applied with regard to Dr. Johnson as the pattern jury instruction only applies in the case of a "bystander officer".**

The title of the pattern jury instruction clearly states that the instruction applies to a "bystander officer" who is alleged to have failed to intervene to prevent the violation of a plaintiff's constitutional rights. Further, the Committee Comment clearly states, based on *Lanigan v. Vill. of East Hazel Crest,* 110 F.3d 467, 477-78 (7th Cir. 1997) and *Yang v. Hardin* 37 F.3d 282, 285 (7th Cir. 1994), that "[t]his instruction applies in the case of a "**bystander officer**". (Emphasis added.) Dr. Johnson was not a "bystander officer". He wasn't an officer even in the remotest sense of the word. He was retained as an expert in his field to give an opinion based on his examination of evidence provided to him by the investigating officers. Therefore, under the clear language of the jury instruction itself, as well as the Committee Comment, 7.22 or the plaintiff's modified jury instruction does not apply to Dr. Johnson.

B. **The requested jury instruction is inapplicable to Dr. Johnson as Stinson has failed to establish that Dr. Johnson had an affirmative duty to act to prevent the arrest or prosecution of Stinson.**

In order to prevail on a failure to intervene claim, the plaintiff has to establish that a defendant had an affirmative duty to act. Police officers have been found to have such a duty in cases in which there has been a constitutional violation. However, there is no Supreme Court or Seventh Circuit precedent that imposes an affirmative duty on a non-police state actor such as Dr. Johnson to prevent a police officer from committing a constitutional violation.

Other federal courts have addressed claims brought by plaintiffs against non-police state actors for failure to intervene and have consistently found no duty on the part of non-police state actors to intervene. In *Thomas v. City of Troy*, 293 F. Supp. 3d 282, 2018 U.S. Dist. LEXIS

2

47109 \*\*, a child became ill and was transported by ambulance to a hospital. Based on an alleged incorrect diagnosis by one of the child's treating physicians, police officers from the City of Troy arrested the child's father. While under interrogation by the officers, the father ultimately confessed that he had slammed the child down on a mattress. Based on the confession, an autopsy was conducted in the presence of a police officer, the district attorney and an assistant district attorney. The medical examiner concluded that the cause of death was severe closed head injuries with cerebral edema due to blunt force trauma. The child's father stood trial and was found guilty. The New York Court of appeals threw out the conviction on the basis that the confession was not voluntary. Upon retrial, a jury acquitted the father. The father subsequently filed a federal civil action under 42 U.S.C.S. 1983. One of the plaintiff's allegations was that the medical examiner failed to intervene. The medical examiner brought a motion to dismiss all claims including the claim of failing to intervene. The court dismissed the failure to intervene claim against the medical examiner based on the plaintiff's failure to allege "facts plausibly suggesting that the medical examiner is a law enforcement officer." *Thomas* at \*\*25. The court added that "[i]n fact, generally the duties of a medical examiner are independent of a police officer." *Id*.

  Dr. Johnson's role in this case is similar to that of the medical examiner in the *Thomas* case. Arguably Dr. Johnson's position is stronger than the medical examiner as the medical examiner was a government official. On the other hand, Dr. Johnson was a private citizen acting as a consultant on behalf of the state. If a failure to intervene claim is inapplicable to a medical examiner as a governmental official, it cannot apply to Dr. Johnson in this case.

  In *Phoenix v. Reddish*, 175 F. Supp. 2d 215 \*, 2001 U.S. Dist. LEXIS 5509 \*\* (D. Conn. 2001), one of the defendants, Carr, was a mental health worker employed by the Connecticut
3

Mental Health Center, a division of the Connecticut Department of Mental Health and Addiction Services. At the request of the New Haven Police Department, Carr and his supervisor, met with two officers at the plaintiff's home for purposes of evaluating her mental status. Carr did not personally interact with the plaintiff. He only observed the plaintiff's behavior as she was answering the police officers' questions. Based on his observations, Carr and his supervisor, concluded that the plaintiff appeared delusional and needed a psychiatric evaluation. Relying on Carr's conclusion, the plaintiff was transported to the hospital for a psychiatric evaluation. The plaintiff filed suit against the city police officers and the state mental health employees including Carr. The plaintiff included a claim against Carr for failing to intervene.

In granting summary judgment to Carr on the failure to intervene claim, the court acknowledged that the Second Circuit has held that a police officer has a duty to intervene to prevent other officers from violating a constitutional right but then went on to state that the Supreme Court and Second Circuit have held that 'as a general rule, a government official is not liable for failing to prevent another from violating a person's constitutional rights unless the official is charged with an affirmative duty to act'" *Id*. at \*\*11 citing *Musso v. Hourigan*, 836 F.2d 736, 743 (2d Cir. 1988).

Finally, *White v. Clark*, 2012 U.S. Dist. LEXIS 165432 \* (N.D.N.Y 2012) involved a case in which the plaintiff, proceeding pro se, filed an action against correctional officers and two nurses employed by the correctional facility alleging that he was assaulted by two correctional officers and that two nurses employed by the correctional facility failed to intervene to stop the assault. In its initial screening order, the court dismissed the failure to intervene claim against the nurses. In doing so the court cited to the fact that the defendants were nurses and that "there was nothing to suggest that they have the authority to intervene while correctional officers

4

are using force on an inmate". *White* at *18. The key word in the *White* decision is "authority". The plaintiff has introduced no evidence to support a claim that Dr. Johnson had any authority to step in and 1) stop police officers from signing a criminal complaint, 2) stop the district attorney from charging Stinson; or, 3) prevent Stinson's arrest. By definition, Stinson cannot possibly prove the third element of the jury instruction by a preponderance of the evidence.

## CONCLUSION

Dr. Johnson is not a law enforcement officer and had no affirmative duty or authority to intervene to prevent the constitutional violation alleged by Stinson. Further, Stinson has not introduced any evidence at trial to establish an affirmative duty on Dr. Johnson's part. As a result, Stinson cannot possibly prove the third element of the jury instruction by a preponderance of the evidence. At a minimum, the jury cannot be instructed on a failure to intervene claim as it relates to Dr. Johnson. Arguably, the law supports a complete dismissal of Stinson's failure to intervene claim against Dr. Johnson.

Dated this 25th day of June, 2019.

OTJEN LAW FIRM, S.C.
Attorneys for Defendant Dr. Lowell T. Johnson

s/ Jason J. Franckowiak
Jason J. Franckowiak, State Bar No. 1030873
Email: jfranckowiak@otjen.com