IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN,
MILWAUKEE DIVISION

| | | |
|---|---|---|
| ROBERT LEE STINSON, | ) | |
| | ) | Case No. 09-cv-1033 -CNC |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | The Honorable C.N. Clevert, Jr. |
| | ) | |
| THE CITY OF MILWAUKEE, et al | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT AND TO RECONSIDER A JURY INSTRUCTION SUPPORTING A FEDERAL MALICIOUS PROSECUTION CLAIM AGAINST DEFENDANT LOWELL T. JOHNSON**

Now comes Plaintiff, Robert Lee Stinson, by and through his counsel and pursuant to Federal Rule of Civil Procedure 15(a)(2), and brings his motion for leave to file an amended complaint and his motion to reconsider a jury instruction against Defendant Lowell T. Johnson for federal malicious prosecution. In support, Plaintiff states as follows.

1. Plaintiff seeks to leave to file a Third Amended Complaint pursuant to Rule 15(a)(2) adding a federal malicious prosecution claim against Defendant Lowell T. Johnson.

2. In light of the new evidence presented at trial relating to Defendant Johnson, Plaintiff also asks this Court to reconsider his proposed jury instruction for a federal malicious prosecution claim. The new evidence unveiled at trial fully supports such an instruction as Defendant Gauger openly conceded that the entire basis for probable cause was based on the bitemark opinions of Defendants Johnson and Rawson. Professor Blinka agreed – while also revealing his long-held belief in Plaintiff's innocence.

1

3. With this in mind, Plaintiff's proposed Third Amended Complaint is identical to the Second Amended Complaint in all but the following ways. It adds a new Count II alleging a federal malicious prosecution claim under the Fourth and Fourteenth Amendments against Defendant Lowell T. Johnson, but no other Defendant.

4. It is well-settled that leave to amend the complaint should be liberally allowed in the interests of justice. See Fed. R. Civ. P. 15(a); Bressner v. Ambroziak, 379 F.3d 478, 484 (7th Cir. 2004) (leave to amend should be granted liberally at any time before judgment). The rule thus "reflects a policy that cases should generally be decided on the merits and not on the basis of technicalities." McCarthy v. PaineWebber, Inc., 127 F.R.D. 130, 132 (N.D. Ill. 1989); see also Stern v. U.S. Gypsum, Inc., 547 F.2d 1329, 1334 (7th Cir. 1977) ("[T]his circuit has adopted a liberal policy respecting amendments to pleadings so that cases may be decided on the merits"). "In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be freely given." Velez v. Murphy, No. 95 C 5250, 1998 WL 409418 (N. D. Ill. July 15, 1998) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)) (internal quotation marks omitted).

5. This amendment will in no way delay disposition of the case toward trial, nor will it prejudice Defendants because the additional legal theory is based on the same factual allegations on which discovery was conducted. Cf. United States v. Sec. Pac. Bus. Credit, Inc., 956 F.2d 703, 707-08 (7th Cir. 1992) (allowing an amendment that changed the legal theory of a case five days before trial where there was no harm to the opposing party apart from the burden of additional legal research to meet the claim).

2

6. The amendment should be allowed pursuant to Rule 15(a)(2) because no undue delay or prejudice will result, and it is in the interest of justice to do so.

WHEREFORE, Plaintiffs respectfully request that the federal malicious prosecution jury instruction be given as to Defendant Johnson. Plaintiff further requests leave to file a Third-Amended Complaint adding a federal malicious prosecution claim against Defendant Johnson.

RESPECTFULLY SUBMITTED:


 /s/ Elliot Slosar
One of Plaintiff's Attorneys


Arthur Loevy
Jon Loevy
Michael Kanovitz
Gayle Horn
Heather Lewis Donnell
Elliot Slosar
LOEVY & LOEVY
311 North Aberdeen, 3rd floor
Chicago, IL 60607
(312) 243-5900

## CERTIFICATE OF SERVICE

I, Elliot Slosar, an attorney, hereby certify that on June 26, 2019, I filed the foregoing motion via the Court's CM/ECF System and thereby served a copy on all counsel of record.

/s/ Elliot Slosar